## Merrill Davis *vs.* Charles H. Eastman & another.

In an action upon a parol agreement to sell and deliver goods for a price over fifty dollars, proof of a delivery and acceptance of a less amount of similar goods is insufficient to take the case out of the statute of frauds, without proof that they were delivered and received as a part of the goods sold; and proof of a judgment rendered upon the default of the purchaser, in an action upon an account annexed, for the goods so delivered, in which they were charged at a different price from that of the parol agreement, is conclusive upon the parties that they were not a part of those originally sold.

Contract on a parol agreement made by the defendants in New Hampshire, in July 1853, to sell and deliver to the plaintiff fifty cords of wood, at $3.75 a cord. At the trial in the superior court, the plaintiff sought to take the case out of the operation of the statute of frauds by showing a delivery and acceptance of a part of the wood bargained for; and he testified that, on or about the 26th of September, after the making

Davis *v.* Eastman & another.

of the agreement, he went to New Hampshire to see why the wood had not arrived, and saw the defendants, one of whom, after talking with the other, said, " We 'll send the wood along " ; that in October he again went to New Hampshire for the same purpose, and one of the defendants, after conversation with the other, again promised to send it ; and that, in the latter part of October and early in November 1853, he received about eight een cords of wood from the defendants, in two car loads. The defendants thereupon introduced in evidence the record of an action brought in the superior court by them against the plaintiff, upon an account annexed, to recover for twenty seven and five eighths cords of wood sold and delivered by them to him in the latter part of October and early in November 1853, at four dollars a cord ; in which action, after it had been continued for several terms, the present plaintiff consented to be defaulted, and judgment was rendered against him for the value of the wood sued for, at four dollars a cord. It was admitted that the wood sued for in that action included that which the plaintiff testified that he had received from the defendants. Upon this evidence, *Morton,* J. ruled that the evidence was insufficient to take the case out of the operation of the statute of frauds, and a verdict was returned for the defendants. The plaintiff alleged exceptions.

*A. W. Boardman,* for the plaintiff.

*J. W. Rollins,* for the defendants.

Merrick, J. It is admitted that the contract declared on is in its terms within the statute of frauds. No note or memorandum in writing was made of it; nothing was given by the purchaser to bind the bargain, or in part payment for the property contracted to be sold. It had, therefore, no legal force or validity, unless some portion of the property was subsequently received by the purchaser on account of and in part performance of the contract. Rev. Sts. *c.* 74, § 4.

To establish this fact the burden of proof was upon the plain tiff. The only evidence produced by him for this purpose was his own testimony, in which he stated that " in the latter part of October and early in November 1853, he received about eighteen

cords of wood from the defendants in two car loads." But he did not testify that he had received any other parcels or quantities of wood, or that these eighteen cords were delivered or received on account, or in part performance, of the contract declared on. And this is most material to be considered; because, from the record of the suit prosecuted by the defendants against the plaintiff, and which was produced in evidence upon the trial, it appears that all this wood was delivered, and the plaintiff became indebted for it, on another and different contract. The declaration in that suit was upon an account annexed to the writ, containing three charges for wood delivered in October and November, amounting in the aggregate to twenty seven and five eighths cords at four dollars per cord. The defendants in that suit appeared by their counsel; and, after it had been pending for several terms, were defaulted, and judgment was rendered against them for the amount claimed. This is conclusive upon the parties. The statute provides that upon a default the charges in the declaration shall be taken to be true. Rev. Sts. *c.* 92, § 1. The question, therefore, whether the wood received by the plaintiff of the defendants in October and November was delivered or accepted on account of the contract set forth in the declaration of the present suit is conclusively answered in the negative by the judgment rendered in the former suit. In this state of proof, it is obvious that there was no evidence before the jury upon which a verdict could be rendered for the plaintiff. Even in his own testimony there is no affirmance of the essential fact that he had accepted some portion of the property contracted to be sold in part performance of the bargain, without which it is not pretended that this action can be maintained. It is therefore manifest that the ruling of the presiding judge, upon which a verdict was returned for the defendants, was correct.

This conclusion is decisive of the whole case, and makes it unnecessary to consider the remaining questions presented in it; and judgment must accordingly be entered on the verdict.