FOLLETT WOOL COMPANY, Respondent, *v.* UTICA TRUST AND DEPOSIT COMPANY, Appellant, Impleaded with Others.

*Statute of Frauds — a delivery and acceptance of goods, after an oral agreement for their sale, must be shown to make it effective — rule that of two innocent persons the one making a loss possible must suffer — interest as damages.*

The Follett Wool Company shipped to the D. J. Hamburger & Sons Company a quantity of wool to be sorted and scoured. After the sorting and scouring of the wool had been completed and while the wool was stored in the Hamburger Company's warehouse for the benefit of the Follett Company, representatives of the two companies had a telephone conversation in which the Follett Company agreed to sell the wool, the value of which was in excess of fifty dollars, to the Hamburger Company at a certain price per pound upon sixty days credit. No part of the purchase price was paid and no memorandum in writing was made of the sale. A few days thereafter the Hamburger Company, without the knowledge of the Follett Company, stored the wool with a warehouse company and took the usual negotiable warehouse receipts in its own name. About two weeks thereafter the Hamburger Company pledged the wool, together with other wool, to a trust company as collateral for a loan, and transferred to the trust company the warehouse receipts. The Hamburger Company failed shortly after the last-mentioned transaction. The Follett Wool Company thereupon brought an action in replevin against the warehouse company and the sheriff took possession of the wool. Subsequently an order was made substituting the trust company and the Hamburger Company and its receiver as defendants in place of the warehouse company, and directing that the wool remain in the possession of the sheriff until the further order of the court.

*Held,* that the plaintiff was entitled to the possession of the wool;

That as there had been no affirmative act on the part of the plaintiff, subsequent to the verbal sale, showing that it had assented to a delivery of the wool to, or proof of an acceptance or receipt of the wool by, the Hamburger Company, there had not been such an acceptance and receipt of the wool within the meaning of those terms as used in the Statute of Frauds as would take the verbal sale out of the operation of that statute;

That the rule, that whenever one of two innnocent parties must suffer by the act
of a third party, the loss must be sustained by the innocent party who made
the loss possible, could not be invoked against the plaintiff, as that corporation
had not been guilty of any carelessness in respect to the transaction;

That the wool having been held by the sheriff because of the unfounded claim
of the trust company, interest on its value from the date of the demand by the
plaintiff was properly allowed as damages.

APPEAL by the defendant, the Utica Trust and Deposit Company,
from an order of the Supreme Court, made at the Albany Trial
Term and entered in the office of the clerk of the county of Albany
on the 9th day of December, 1902, denying the said defendant's
motion for a new trial made upon the minutes.

The trial before the court and a jury resulted in a verdict for the
plaintiff by direction of the court, and judgment was thereupon
entered.   From an order denying a motion to set aside the verdict
and for a new trial this appeal is taken.   There is no appeal from
the judgment.

In the latter part of July, 1899, the plaintiff, a foreign corporation,
engaged in the wool business, shipped to the defendant D. J. Ham-
burger & Sons Company, at Albany, a quantity of wool to be sorted
and scoured and then to be held subject to plaintiff's order.   The
sorting and scouring were completed by the defendant Hamburger
Company about August 24, 1899, and the wool was then placed in
bags marked with a diamond F to identify it as plaintiff's wool, and
the same was placed in the warehouse of the defendant Hamburger
Company and held there for the plaintiff.   About the latter part of
September or the early part of October, 1900, according to the
testimony of Joseph D. Hamburger, he being in Albany and William
J. Follett in Boston, had a conversation by telephone, in which the
latter, representing the Follett Wool Company, agreed to sell the
wool to the D. J. Hamburger & Sons Company at thirty-two cents
per pound, upon sixty days' credit.   That was all there was of that
transaction.   No part of the purchase price was paid, and no memo-
randum of the sale was made in writing.   A few days after this
conversation the Hamburger Company, without the knowledge of
the plaintiff, placed the wool in storage with the defendant Albany
Terminal Warehouse Company, and took the usual negotiable ware-
house receipts in its own name.   About two weeks thereafter the
defendant Hamburger Company pledged said wool with other wool

in said warehouse to the defendant Utica Trust and Deposit Company as collateral to a loan of $25,000, and transferred to said trust company the said warehouse receipts for the wool in question to secure said loan.    On October 18, 1900, within two weeks after this transaction with the defendant Utica Trust and Deposit Company, the D. J. Hamburger & Sons Company failed and a receiver of such company was appointed.    This action was commenced against the defendant Albany Terminal Warehouse Company to replevy said wool on October 23, 1900, and on that day the same was taken into the possession of the sheriff of Albany county.    Subsequently, and on the 28th of November, 1900, an order of interpleader was made substituting the Utica Trust and Deposit Company, Charles M. Friend, as receiver of D. J. Hamburger & Sons Company, and D. J. Hamburger & Sons Company, as defendants in this action, and discharging the Albany Terminal Warehouse Company from all liability and directing that the wool remain in the possession of the sheriff until the further order of the court.    An answer was interposed by the defendant the Utica Trust and Deposit Company denying ownership of the plaintiff in said wool and claiming ownership in itself by virtue of the said warehouse receipts so transferred to it by the Hamburger Company.

*P. C. J. De Angelis,* for the appellant.

*George W. Stedman* and *J. Newton Fiero,* for the respondent.

CHESTER, J. :

While under the circumstances of this case the testimony of Joseph D. Hamburger concerning the agreement with the plaintiff made by telephone for the sale of the wool is of very doubtful veracity, yet for the purposes of this appeal we must accept it as true.

The question is then presented as to whether the title to the wool in question was in the plaintiff or in the D. J. Hamburger & Sons Company at the time the latter pledged it to the appellant as security for the loan which it made, and that depends upon the validity of the alleged sale by the plaintiff to the Hamburger Company under the Statute of Frauds (Laws of 1897, chap. 417, § 21, subd. 6).

The agreement to sell was not in writing.    After it was made the

wool, which largely exceeded fifty dollars in value, was transferred by the Hamburger Company without the knowledge or assent of the plaintiff, to the warehouse of the Albany Terminal Warehouse Company. Was this such an *acceptance* and *receipt* of the wool within the meaning of those terms as used in the Statute of Frauds as will take the case out of the operation of such statute?

At the time of the alleged conversation over the telephone the wool was stored in the Hamburger Company's warehouse for the plaintiff. It was, therefore, then in the possession of such company as the bailee of the plaintiff. The case is barren of proof of any act on the part of the plaintiff subsequent to the talk over the telephone, showing any assent on its part to a delivery of the wool to, or an acceptance and receipt of it by, the Hamburger Company. There must be something done subsequent to the verbal sale indicating the *mutual* intentions of the parties. In referring to the language of the former statute (2 R. S. 136, § 3, subd. 2) which made agreements of this character void, unless the buyer should "accept and receive part of such goods," GARDINER, J., said in *Shindler* v. *Houston* (1 N. Y. 261, 265): "The language is unequivocal and demands the action of both parties, for acceptance implies delivery, and there can be no complete delivery without acceptance." While the act of the Hamburger Company in removing the wool from their warehouse to another one, would undoubtedly serve, by way of estoppel, to bind that company in a suit against it by the Follett Wool Company for the purchase price, yet, if subsequent to the alleged agreement of sale the Follett Wool Company had in some way become repossessed of the wool and the question had then been presented in a suit by the Hamburger Company against the Follett Wool Company to replevin it, such suit would necessarily fail because of there being no affirmative act on the part of the Follett Wool Company subsequent to the alleged agreement showing its assent thereto. Yet the suit here presents the same question in another way. It will serve no good purpose to attempt to review the numerous authorities where this question has been discussed. It has arisen most frequently in actions by the seller against a purchaser, who, after making an oral agreement for the purchase of goods in his possession, has refused to carry out the agreement on the ground that there had been no

change of possession and that he had not accepted and received the goods. This in the absence of proof of some act on his part subsequent to the agreement showing an acceptance of the goods has uniformly been held to be a good defense. It would be a rule out of harmony with the purpose of the statute to hold that when the situation of the parties is reversed and it is sought to charge the seller under such an agreement it is unnecessary to prove any affirmative act on his part showing that the delivery and acceptance of the goods were by his assent. I think the necessity of showing the affirmative act exists in the one case the same as in the other to take the case out of the operation of the statute, and that the rule to be gathered from the authorities is that such act must be one by the party sought to be charged, whether he be vendor or vendee. If this is not so, the Statute of Frauds, which was intended to prevent fraud and perjury, furnishes no protection whatever to an owner of goods against the fraud and perjury of his bailee. Reference may be had to the following authorities which sustain the conclusion reached. (*Shindler* v. *Houston*, 1 N. Y. 261; *Brabin* v. *Hyde*, 32 id. 519; *Pitney* v. *Glen's Falls Ins. Co.*, 65 id. 6; *Matter of Hoover*, 33 Hun, 553; Browne Stat. Frauds [5th ed.], § 316; Benj. Sales [7th Am. ed.], 174.)

The rule is also invoked by the appellant that whenever one of two innocent persons must suffer by the act of a third, he who has made the loss possible must sustain it.

But the plaintiff has done nothing except, *first*, to deliver its wool to the Hamburger Company for a special purpose which it had a lawful right to do without incurring the hazard of this rule, and, *second*, to have the alleged conversation over the telephone which was not effective to transfer a title to its property. The Hamburger Company had no authority to sell or dispose of the wool, and was not the agent of the plaintiff for the purpose. Nor was the plaintiff guilty of any carelessness or neglect with respect to storing its wool with the Hamburger Company after it was scoured. I think, therefore, the rule invoked can have no application to the facts in this case. (*Saltus* v. *Everett*, 20 Wend. 267.)

I think also that the plaintiff was entitled to recover interest as damages for withholding the wool from the time of the demand,

notwithstanding the sheriff had held it from the time of the order of interpleader, subject to the order of the court.

This disposition of it was deemed proper for the protection of the parties pending the litigation, but the unfounded claim of the appellant has prevented the plaintiff from having possession of its property since such claim was made, and the damages may well be measured by the amount of the interest on its value.

The order appealed from should be affirmed, with costs.

All concurred.

Order affirmed, with costs.