YOUNG v. INGALSBE.

(Supreme Court, Appellate Division, Third Department. May 4, 1910.)

1. FRAUDS, STATUTE OF (§ 84*)—SALE OF PERSONALTY—CHANGE OF POSSESSION.

Under the statute of frauds, no title passed to books in plaintiff's office under an oral agreement by intestate that his interest in the books, valued at $77, should be applied upon an indebtedness owing by him to plaintiff; there being no change of possession.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 154–161; Dec. Dig. § 84.*]

2. LIMITATION OF ACTIONS (§ 158*)—REVIVAL OF INDEBTEDNESS—PART PAYMENT—PAYMENT BY ORAL AGREEMENT.

An oral agreement by intestate that his interest in certain books should be applied upon a debt due plaintiff against which limitations had run would not make the value of the books part payment upon the debt so as to revive it.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 635; Dec. Dig. § 158.*]

Appeal from Judgment on Report of Referee.

Action by William E. Young against Grenville M. Ingalsbe, as executor of Lyman H. Northrup, deceased. From a judgment for plaintiff upon the referee's report, defendant appeals. Reversed. Referee discharged, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Arnold & Sherman (A. D. Arnold, of counsel), for appellant.

William E. Young and Erskine C. Rogers, for respondent.

PER CURIAM. Recovery was had in this action, brought March 25, 1909, for various sums of money loaned by the plaintiff to the defendant's testator at various times: December 20, 1892, $250; December 23, 1892, $250; January 27, 1893, $60; February 9, 1893, $10; October 31, 1894, $100; April 27, 1898, $20; May 18, 1898, $25; and for moneys collected by the intestate in November, 1893, one quarter of which belonged to the plaintiff. One of the defenses relied upon is the statute of limitations.

Two acts were found by the referee to be sufficient to take this case outside of the statute of limitations. The intestate, one Kellogg, and

the plaintiff, were copartners in a law firm, and as such were interested in certain law books. The intestate retired from the firm about December 31, 1891. The plaintiff continued to occupy the same office until September, 1904, and the intestate was at the office more or less, but was getting to be an old man and was not there much of the time. In the summer of 1906 the intestate spoke to the plaintiff about the law books and said he ought to get something out of them, as he was in bad financial condition, and wanted the plaintiff to let him have some money for them. The plaintiff replied that the intestate had collected the moneys referred to, in which he had an interest, and that the intestate also owed him for borrowed money. After thinking a while, the intestate replied that he was very old and feeble, his recollection about many things was not good, but he did have a recollection about it; that he could not pay the plaintiff what he owed him and would consent to let him take these books on account of what he owed him. The value of the intestate's interest in the books was $77. This transaction rested entirely in words. There was no change of possession of the books, and nothing was done to extinguish $77 of the debt. No title to the books passed under the statute of frauds, and the contract resting in mere words was not sufficient to make the value of the books a part payment upon the outlawed debt.

The plaintiff owned a typewriter, which apparently was loaned to the intestate in 1903. At the same conversation above referred to the witness swears:

"I think the typewriter was mentioned in that conversation. I think Mr. Young mentioned it. He just referred to the typewriter as among the things he claimed against the judge. That is about all I can remember of that conversation. I remember some conversation along the line of the judge claiming an interest in the typewriter and Mr. Young explaining to him that it was the old Hughes & Northrup typewriter that he had an interest in which was disposed of years ago, and that this was a machine which Mr. Young had bought and paid for."

The referee finds as a conclusion of fact that the plaintiff let the intestate have the typewriter, and he took it to his house and purchased the same of the plaintiff.

This transaction rested entirely in words and does not aid in reviving the outlawed claims. The statute of limitations was therefore a defense.

The judgment should be reversed upon the law and the facts, the referee discharged, and a new trial granted, with costs to the appellant to abide the event.