## YOUNG v. INGALSBE.

(Supreme Court, Appellate Division, Third Department.  May 28, 1912.)

1. FRAUDS, STATUTE OF (§ 90*)—SALE OF PERSONALTY—DELIVERY.

   The books being already in plaintiff's possession, a contract of sale thereof by defendant to plaintiff, the price to be applied on defendant's indebtedness to plaintiff, is not taken out of the statute of frauds, with the result of preventing the running of limitations against plaintiff's claim for the indebtedness, by plaintiff assuming possession, removing the tags from the books, putting his own name thereon, and giving defendant credit; as while this was enough for an acceptance, and as against plaintiff to take the contract out of the statute of frauds, to take it out thereof against defendant, there must have been a positive act of delivery or of assent to the acceptance.

   [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 174–179; Dec. Dig. § 90.*]

2. FRAUDS, STATUTE OF (§ 85*)—SALE OF PERSONALTY—PRICE.

   As regards the question whether the contract of sale of books by defendant's testator to plaintiff, with an agreement that the price should be credited on testator's indebtedness to plaintiff, was within the statute of frauds, which applies where the price is $50 or more, the sum of $77, for which plaintiff gave credit on the indebtedness, must be taken as the price.

   [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 141; Dec. Dig. § 85.*]

3. FRAUDS, STATUTE OF (§ 89*)—SALE OF PERSONALTY—ACCEPTANCE.

   There having been a contract of sale by plaintiff to defendant of an article in defendant's possession, subsequent conversion and sale thereof by defendant constituted an acceptance of the article, taking the contract out of the statute of frauds.

   [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 165–173; Dec. Dig. § 89.*]

4. ACTION (§ 28*)—ACTION ON IMPLIED PROMISE—WAIVER OF CONVERSION.

   One whose property is converted by another may waive the tort, and sue for the value as on an implied promise to pay therefor.

   [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 196–215; Dec Dig. § 28.*]

   Houghton and Betts, JJ., dissenting.

Appeal from Judgment on Report of Referee.

Action by William E. Young against Grenville M. Ingalsbe, executor of Lyman H. Northup, deceased.  From a judgment on the report of the referee dismissing plaintiff's claim, plaintiff appeals.  Modified and affirmed.

See, also, 138 App. Div. 934, 123 N. Y. Supp. 1151.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

E. C. Rogers, of Hudson Falls, for appellant.
Arnold & Sherman, of Hudson Falls, for respondent.

SMITH, P. J.  The plaintiff has filed a claim against the defendant's estate for moneys loaned and for moneys collected by the defendant's testator, in which he had a joint interest as a partner with

defendant's testator, and for the sale of a typewriter of the value of $50. The learned referee has dismissed the claim upon the authority of a decision of this court upon a prior appeal reported in 138 App. Div. 587, 122 N. Y. Supp. 707. This appeal is upon the judgment roll alone. The evidence is not before us.

[1] As to the claim for moneys loaned and for moneys collected for the partnership, of which the plaintiff and defendant's testator were members, we decided upon the former appeal that these claims were barred by the statute of limitations. Upon that appeal there was evidence of a verbal sale of the testator's interest in certain law books to the plaintiff in 1906, and an agreement that the price thereof should be applied upon the said indebtedness of the plaintiff. It was sought by plaintiff to avail himself of this sale to prevent the running of the statute of limitations. The books were already in the possession of the plaintiff. There was no evidence of any affirmative act of delivery by the said testator or of acceptance by the plaintiff of said books. We accordingly held that the sale was void by the statute of frauds, and, being void, it did not operate as a payment which would take the claim out of the statute of limitations. Upon this trial further evidence was offered to the effect that, after this verbal contract of sale, the plaintiff assumed possession of such law books, removed the tags that were thereupon, and put his own name upon them. Such acts were in my judgment sufficient to constitute an acceptance by him of such law books providing defendant were here claiming the benefit of that sale. The validity of the sale, however, is not here asserted by the defendant, but by the plaintiff as against the defendant's testator, and as against him there was no act of delivery shown which would take the case out of the statute of frauds. In Follett Wool Company v. Utica Trust Company, 84 App. Div. 151, 82 N. Y. Supp. 597, an analogous question was presented. In that case the Hamburger Company had possession of some wool belonging to the Follett Wool Company. While it was thus held an oral agreement was made between the Follett Wool Company and the Hamburger Company for the sale and purchase of the wool. Thereupon the Hamburger Company exercised acts of ownership by taking the wool out of their storage house and storing it in another warehouse in its own name, and pledging the warehouse receipts therefor. Thereafter the Hamburger Company failed, and the Follett Wool Company brought an action to replevin the wool from the pledgee on the ground that title had never passed to the Hamburger Company. This court held in that case that, if the Follett Wool Company were seeking to recover against the Hamburger Company, there was a sufficient acceptance on the part of the Hamburger Company to make it liable to the Follett Company, but that, as against the Follett Company, the mere acceptance by the Hamburger Company was not enough to take it out of the statute of frauds; that there must have been some positive act either of delivery on the part of the Follett Wool Company or indicating an assent to acceptance by the Hamburger Company. The opinion in part reads:

"It will serve no good purpose to attempt to review the numerous authorities where this question has been discussed. It has arisen most frequently

in actions by the seller against a purchaser, who, after making an oral agreement for the purchase of goods in his possession, has refused to carry out the agreement on the ground that there had been no change of possession, and that he had not accepted and received the goods. This in the absence of proof of some act on his part subsequent to the agreement showing an acceptance of the goods has uniformly been held to be a good defense. It would be a rule out of harmony with the purpose of the statute to hold that when the situation of the parties is reversed, and it is sought to charge the seller under such an agreement, it is unnecessary to prove any affirmative act on his part showing that the delivery and acceptance of the goods were by his assent. I think the necessity of showing the affirmative act exists in the one case the same as in the other to take the case out of the operation of the statute, and that the rule to be gathered from the authorities is that such act must be one by the party sought to be charged, whether he be vendor or vendee. If this is not so, the statute of frauds, which was intended to prevent fraud and perjury, furnishes no protection whatever to an owner of goods against the fraud and perjury of his bailee"—citing authorities.

This decision was made in our own department, and would seem to be authority for the proposition that, while enough has been shown to constitute an acceptance on the part of the plaintiff if the defendant were here seeking to enforce the contract, nothing whatever has been shown to constitute a delivery on the part of the defendant's testator when the sale is sought to be enforced by the plaintiff. The mere agreement that the moneys were to be applied upon the indebtedness is not a positive act in any way constituting a delivery or constituting an assent to the acceptance by the plaintiff. It is merely part of the verbal contract of sale, which the law has held is not sufficient to pass title.

[2] A further question is here raised that upon the findings of the referee the interest in the property sold was of the value of only $40. It appears from those findings, however, that for the sale of these law books the plaintiff did, in fact, credit the defendant's testator with the sum of $77. This must be taken as the price which was allowed upon the sale, and brings the sale within the terms of the statute of frauds which applies where the price is $50 or more.

The application of this rule is further objected to on the ground that it would be inequitable to hold the purchaser bound by a contract which was not held binding upon the seller. If such an inequity exists, it exists by the terms of the statute which clearly contemplates that one party may be bound while the other is not. If there be a writing signed by one party, that party is bound, while the other party not signing the writing is not bound. The writing need only be signed by the party sought to be charged. It is in analogy with that rule that the courts hold that the party can only be charged who by some affirmative act has either delivered or accepted the property sold, when the sale comes within the terms of the statute.

We are convinced, therefore, that as to this claim of the plaintiff the situation has not been changed, and that our former decision must control.

[3] As to the sale of the typewriter, however, another question is presented. When the case was before us upon the former appeal, there was no evidence of any act on the part of defendant's testator

which could constitute an acceptance of the typewriter. Upon this trial, however, it was shown that, while the typewriter was in the possession of the defendant's testator, it was converted by him and sold. Within recognized authority that constitutes such an acceptance as would make defendant's testator liable for the value of the typewriter, which has been found to be the sum of $50.

[4] Upon the findings of the trial court we are of opinion that this court is authorized to direct judgment in favor of the plaintiff for this sum of $50. The complaint recites a cause of action for the sale of the typewriter. The Special Term has found that the property was not sold when it was first taken by the defendant's testator from the plaintiff. The fact has been found, however, that it was afterwards converted by defendant's testator, and, further, that "the purchase of the typewriter" was discussed between them. Plaintiff had the right to waive the tort, and sue for the value as upon an implied promise to pay therefor. Within the pleadings, therefore, and within the findings of the court, a cause of action has been established in favor of the plaintiff for this amount. The judgment should, therefore, be modified by directing judgment for the plaintiff for the sum of $50, and, as so modified, judgment affirmed, with costs to appellant.

Judgment modified as per opinion, and, as modified, affirmed, with costs to appellant. All concur, except HOUGHTON, J., dissenting in opinion in which BETTS, J., concurs.

HOUGHTON, J. (dissenting). I do not think the plaintiff should be limited to a judgment for $50 only. The appeal is taken upon the judgment roll alone, and upon the facts found by the learned referee I think the plaintiff is entitled to a judgment for the full amount of his claim on the ground that the sale of the books by the defendant's testator to him upon the understanding that their value should be applied upon the plaintiff's claim had the effect of taking the whole claim out of the statute of limitations.

On the prior appeal to this court (138 App. Div. 587, 122 N. Y. Supp. 707) it did not appear that anything was done toward an acceptance of the books as part payment upon a conceded indebtedness from the defendant's testator to the plaintiff, and it was held that the statute of frauds was not satisfied, and that title to the books did not pass, and therefore no partial payment had been made which operated to release the claim from the statute of limitations.

On the present appeal we have a finding that the defendant's testator acknowledged his indebtedness to the plaintiff, and turned over the books to him, with directions to apply the purchase price thereof on such indebtedness, which the plaintiff agreed to do, and that immediately thereafter the plaintiff accepted such books, caused his name to be pasted thereon, and took possession and assumed ownership thereof, and still continues so to do.

The statute of frauds is satisfied where goods which are in the possession of the buyer are sold to him if there be some manifestation of approval and acceptance of the property in fulfillment of the contract of purchase. Matter of Hoover, 33 Hun, 553; Dorsey v. Pike,

50 Hun, 534, 3 N. Y. Supp. 730; Timoney v. Hoppock, 13 Civ. Proc. R. 361; Snider v. Thrall, 56 Wis. 674, 14 N. W. 814. The remarks of Bradley, J., in Matter of Hoover, supra, indicate the situation presented on the former appeal as well as that presented on the present one, where he says:

"The fact that the property was in the possession of the appellant (buyer) may have obviated the necessity of any act of delivery on the part of the assignee (seller) further than a recognition and assent by him of an act of acceptance by appellant under the agreement. But some act on the part of the latter which may be construed as an unqualified acceptance was essential to constitute a sale and purchase. That may be evidenced by an act inconsistent with any other relation than that of owner of the property, such as a pledge or sale of it, or retaining and using the property after its receipt by the buyer. There must, however, be both receipt and acceptance by him to be effectual to vest the title, and that must be manifested by some act as distinguished from, and in addition to, the words of the parties constituting the agreement."

The decision in Follett Wool Co. v. Utica Trust & D. Co., 84 App. Div. 151, 82 N. Y. Supp. 597, turned upon the proposition that there was no assent on the part of the seller that the buyer in possession should take immediate delivery of the property. The rule which is above stated was recognized and held to apply to the seller as well as to the buyer, and hence that there must be a meeting of minds upon acceptance of the property, and that there must be an assent on the part of the seller that the buyer might accept.

In the present case the findings show an assent on the part of the seller that his co-owner of the books should take them at the agreed price, which assent was followed by an immediate acceptance and assumption of acts of ownership.

There having been, therefore, a sale of the books under an agreement that their value should be applied on an indebtedness owing by defendant's testator to the plaintiff, his whole claim was taken out of the statute of limitations. A payment in order to have the effect of taking a claim out of the statute of limitations need not necessarily be in money. Delivery of a note of a third person (Smith v. Ryan, 66 N. Y. 352, 23 Am. Rep. 60) or of lumber (Lawrence v. Baker, 44 Hun. 582), or of a wagon (Sibley v. Lumbert, 30 Me. 253), or of any other personal property (Rowell v. Estate of Lewis, 72 Vt. 163, 47 Atl. 783), with the understanding that its value should be applied on an existing indebtedness, has the effect of removing the claim from the bar of the statute. In Lawrence v. Baker, supra, Learned, P. J., says:

"The giving by the debtor of a note of a third person to apply on his debt is a payment under the statute of limitations (Smith v. Ryan, 66 N. Y. 352, 23 Am. Rep. 60; Code of Civ. Proc. § 395), because it is immaterial, so far as the effect of payment goes, whether the debtor pays in cash or in chattels, or in the obligation of another. In either case he parts with something of value and transfers it to the creditor to apply on the debt."

In Rowell v. Estate of Lewis, supra, the opinion reads:

"The indebtedness of the intestate to the plaintiff was represented by two notes and the account combined, and, if the coal was sold and delivered to apply in payment thereon, it was the same as though the selling price thereof had been paid in money for that purpose at the time of each sale and the

law made the applications at once an extinguishment of that indebtedness pro tanto."

The facts as found and which are conclusive upon us in the absence of the evidence show an agreed part payment by the transfer of the books upon a claim also found due and payable except for the bar of the statute. The part payment had the effect of taking the claim out of the operation of the statute of limitations.

The facts being different, I think the learned referee erroneously felt himself bound by our former decision, and I think the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

BETTS, J., concurs.