ARMOUR & CO. *v.* FREEMAN BAKING CO.

1. FRAUDS, STATUTE OF—SALE—DELIVERY—BURDEN OF PROOF.

In an action to recover the market price of merchandise, where defendant claimed the delivery was on a verbal order for over $50, void under the statute of frauds (3 Comp. Laws 1915, § 11835), the burden of proof is upon defendant to show that delivery was upon the verbal order, taking it out of the statute.

2. SAME—DELIVERY—INTENT—EVIDENCE—SUFFICIENCY.

Evidence *held*, insufficient to show that delivery was intended by plaintiff to be on the verbal order and at the contract price.

3. SAME.

In order to validate a contract of sale of merchandise for over $50 under the statute there must be a delivery under the contract and in pursuance of it.

Error to Kalamazoo; Weimer, J.   Submitted June 18, 1917.   (Docket No. 79.)   Decided July 26, 1917.

Assumpsit by Armour & Company against the Freeman Baking Company for goods sold and delivered. Judgment for plaintiff *non obstante veredicto*. Defendant brings error.   Affirmed.

*Alfred J. Mills*, for appellant.

*Jackson & Fitzgerald*, for appellee.

STONE, J.   This was an action in assumpsit to recover the market price of certain lard, which it was admitted was sold and delivered by the plaintiff, and received and accepted by the defendant, and invoiced by a statement accompanying the delivery, at the then market price of 11 cents a pound.   The case was tried by a jury, which returned a verdict for the defendant of no cause of action.  At the close of the evidence the plaintiff moved for a directed verdict.   The decision of the motion was reserved by the court until after the verdict, under the provisions of Act No. 217, Pub. Acts 1915 (3 Comp. Laws 1915, § 14568).   After verdict arguments were heard upon the motion, and a judgment was entered for the plaintiff for the amount of its claim; there being no controversy as to the quantity or the market price.   At the trial the defendant claimed that the lard was delivered and received pursuant to a verbal agreement for 100 tierces of lard at 10 cents a pound.   It was undisputed that a tierce of lard weighs between 350 and 400 pounds. A notice of recoupment was filed, in which the defendant set forth that the plaintiff failed and refused to perform such contract in full. and claimed damages by reason thereof.

The conceded facts are that prior to November, 1915, the defendant had purchased lard and lard prod-

ucts from the plaintiff, through its traveling salesman; that on or about November 16, 1915, an agent of the plaintiff called at the office of the defendant, and, after some conversation, a verbal order was given him by the defendant for 100 tierces of lard at 10 cents a pound. No written acceptance of the order was ever made by the plaintiff. No payment was made thereon, nor was any portion of said 100 tierces then delivered. Upon the trial defendant claimed that it was the understanding of the parties that the lard should be ordered by the defendant from time to time, as it might require the same, but that none should be ordered out until defendant's supply then on hand should be exhausted.

It was the plaintiff's claim that the contract was made in contemplation of a well-established custom of the trade that all the orders so taken, and prices so made, should control only as to merchandise taken by the purchaser within 30 days thereafter; in other words, that no prices were ever given, or fixed for a longer period than 30 days. There does not appear to be any question that this verbal contract for sale of goods exceeding $50 was void under the statute. Section 11400, 4 How. Stat. (2d Ed.), 3 Comp. Laws 1915, § 11835. It is further admitted that after making this invalid contract on or about November 16th, a clerk in the office of the defendant gave the first order for a few tierces of lard over the telephone on January 5th following, without making any reference whatever to the contract, or price, and that the order was filled without delay in the usual course of trade, but billed at the then market price in an amount exceeding 10 cents per pound. Another order was shortly thereafter given and filled in like manner. The defendant caused the amounts of the invoices for those orders to be paid without protest or comment as to price. Thereafter, orders were given, filled, and

billed in the same manner, which deliveries of lard were accompanied by invoices, and in each instance the invoice price was not less than 11 cents per pound, and in several it was in excess of that price. These last invoices were the ones sued upon here.

The defendant claimed at the trial that the two invoices covering deliveries in January, in which the then market price in excess of 10 cents per pound was charged, were paid through inadvertence or mistake on its part, and that when the same was discovered the payment of subsequent invoices for amounts in excess of 10 cents per pound was refused, and that demand was then made upon the plaintiff to make deliveries at 10 cents. There is no dispute that such demand was made and refused, the plaintiff contending, as already stated, that the contract contemplated delivery of the entire 100 tierces within 30 days, under the custom of the trade. It was the claim of the defendant that the invalid verbal contract for 100 tierces was saved from the operation of the statute of frauds, by the delivery in January and thereafter, of a part of the merchandise in pursuance of said contract, or at least that there was a question of fact for the jury to determine whether the delivery of the lard in January was intended by the plaintiff to be in pursuance of the contract, so as to remove it from the operation of the statute, or was intended to be in the usual course of trade at the then market price. The case was submitted to the jury upon this theory. From the judgment entered by the trial court, under the statute, the defendant has brought the case here upon writ of error, and assigns error in setting aside the verdict in favor of the defendant, and entering a judgment for the plaintiff for the amount of its claim against the defendant.

An examination of the briefs and arguments of counsel for the respective parties satisfies us that the

pivotal question in the case is whether there was any evidence that delivery was made under the verbal order. The burden lay upon the defendant to prove delivery on the particular contract. We are of the opinion that the record is barren of any evidence to support defendant's claim that delivery was intended by the plaintiff to be upon the verbal order of November and at the contract price. This being so, the learned trial judge did not err in granting plaintiff's motion, notwithstanding the verdict.

The authorities seem to support the proposition that the delivery must have been intended, by both parties, to have been made and accepted upon the verbal order, to take the case out of the statute of frauds. In 1 Mechem on Sales, § 355, the rule is stated as follows:

"There must be a delivery of the goods by the seller in pursuance of the contract, and with the intention to pass the title. This delivery must also be the voluntary intentional act of the seller. If, therefore, the purchaser acquires possession of the goods without the seller's consent, by mistake or fraud, or by legal process, or without the seller's knowledge, or after his order for the delivery has been countermanded, or from an agent whose authority was not sufficient, or had expired, there will not be such a delivery as the statute contemplates."

See, also, 20 Cyc. p. 247.

Delivery, to validate a contract of sale under the statute of frauds, must be a delivery under the contract, and in pursuance of it. *Matthiessen & Weichers Refining Co.* v. *McMahon's Adm'r,* 38 N. J. Law, 536; *Davis* v. *Eastman,* 83 Mass. 422; *Young* v. *Ingalsbe,* 151 App. Div. 375 (135 N. Y. Supp. 939) ; *Van Boskerck* v. *Torbert,* 184 Fed. 419 (107 C. C. A. 383, Am. & Eng. Ann. Cas. 1916E, 171) ; *Washington Ice Co.* v. *Webster,* 62 Me. 341 (16 Am. Rep. 462). The above authorities appear to support the rule above stated.

*Johnson* v. *Morrison,* 163 Mich. 322 (128 N. W. 243), is cited by counsel for defendant. We cannot agree with counsel that this case supports defendant's contention. Delivery and acceptance of the goods sold, or some part of them, or part payment of the contract price, whether at the time of making the contract, or subsequently, are the acts of part performance, which are prescribed by the statute as necessary to the validity of a contract of which no written evidence has been provided. To have this effect the delivery and acceptance, or payment, must obviously be referable to, and be in part execution of, the contract which is hereby to be made valid. Brown on Frauds, § 326.

The judgment is affirmed.

KUHN, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.