BORENCO IMPORTING CORPORATION, Respondent, *v.* HERMAN SPERBER and JOSEPH KARO, Appellants.

Supreme Court, Appellate Term, First Department, April Term — Filed May, 1922.

**Sales — sufficient delivery to take case out of Statute of Frauds — passing of title — Pers. Prop. Law, § 85(3).**

While under section 85 of the Personal Property Law an acceptance and receipt of the goods under a verbal contract of sale is required to take it out of the Statute of Frauds, yet where the buyer either before or after the delivery of the goods expresses by words or conduct his assent to becoming the owner thereof, there is an acceptance within the meaning of subdivision 3 of said section.

Where defendants, having entered into a verbal contract to purchase existing goods packed in cases ready for delivery gave directions for the delivery of the

specific actual goods at a certain place where they were already on storage for plaintiff, it must be held that defendants gave their assent to become the owners of the goods, and in an action for the purchase price a defense that the delivery proved was insufficient to take the case out of the Statute of Frauds cannot prevail and a judgment in favor of the plaintiff will be affirmed.

The defendants are presumed to have known at the time they entered into the contract that the delivery of the specific goods at the time and place designated by them was under the law a transfer of the title to them.

APPEAL by defendants from a judgment of the City Court of the city of New York entered in favor of plaintiff and from an order denying defendants' motion for a new trial.

*Herman Strizver,* for appellants.

*Nathaniel H. Kramer (Ira J. Schuster,* of counsel), for respondent.

WHITAKER, J.  Action for goods sold and delivered.

The defense is a general denial and as a separate defense, the Statute of Frauds.  The contract was verbal.  The jury has found all the disputed facts in favor of plaintiff.

The appellants' point is that the delivery proved was insufficient to take the case out of the Statute of Frauds.  The goods at the time of sale were existing goods, packed in cases, ready for delivery; they were specific goods, and the record shows that appellants knew just what the goods were.  The *defendants, appellants,* requested that the goods be delivered on December first at William Randall & Sons, a dyer of such goods.  The goods at the time of sale were already at Randall's, where goods were generally stored by plaintiff and others.

On December first Randall received notice from the plaintiff to set aside the goods for defendants and credit them to defendants, which was done.  This under the Sales Act and the authority of *Boiko & Co., Inc.,* v. *Atlantic Woolen Mills, Inc.,* 195 App. Div. 207, vested the title to the goods in the defendants, and the plaintiff surrendered control of them; they became the goods of defendants and the contract was an executed one, and the plaintiff could maintain an action against the defendants for goods sold and delivered.

The cases chiefly relied upon by the appellants to bring the case within the Statute of Frauds, and which are cited in their brief, are cases where the sale was by sample or where the purchaser had a right to inspect or ascertain if the goods were in accordance with the terms of the contract.  Those cases are clearly distinguishable from the case at bar, as is pointed out by Mr. Justice Page in *Boiko & Co., Inc.,* v. *Atlantic Woolen Mills, Inc., supra.*

The case of *Shindler* v. *Houston,* 1 N. Y. 261, seems to hold that an actual acceptance and delivery by the defendant is necessary

to take a verbal contract for the sale of goods out of the Statute of Frauds. In that case nothing was done by either party to the goods; they were not specific and ascertained goods. The quantity was not ascertained, so that it could be determined what sum was due from the purchaser to the defendant. This case was decided many years before the Sales Act went into effect.

In the case of *Young* v. *Ingalsbe*, 151 App. Div. 375; affd., 208 N. Y. 503, the court states at page 376: " There was no evidence of any affirmative act of delivery." This being so the court might have stopped at that statement. There being no evidence of delivery of course the statute applied. The court, however, does not stop at this point but proceeds with a discussion of the statute generally, and reading the *dicta* of the justice who wrote in the case it might be inferred that the case upholds the appellants in the position they have taken. But the only point actually decided was that there being no evidence of delivery and the contract being verbal, the statute applied. Judge Collin in his opinion in the Court of Appeals affirming the judgment also gives a dissertation upon the Statute of Frauds. But the real question determined was that there being no delivery proved the statute applied. This case also contains *dicta* which appear favorable to the position taken by the appellants. The Court of Appeals, however, had frequently warned against following its *dicta*. The question has been the subject of much judicial discussion and controversy. While the statute itself (Pers. Prop. Law, § 85) requires an acceptance and receipt of the goods to take a verbal contract out of the statute, it provides in subdivision 3 that " There is an acceptance of goods within the meaning of this section when the buyer, either *before* or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specific goods." Therefore, where the defendants entered into the contract to purchase these goods, and directed the specific actual goods to be delivered at Randall's, they certainly gave their " assent to become the owners " thereof. The defendants are presumed to have known at the time they entered into the contract that the delivery of these specific goods at the time and place designated by them was under the law a transfer of the title to them, which makes them the owners. It would be unreasonable and mischievous to hold that a different rule obtains as to the passing of title of goods under a written and a verbal contract where the facts are the same; that in an action for the price, title passed under certain proved facts, and that where the defense of the Statute of Frauds is interposed title did not pass under identical facts.

Taking the charge of the judge as a whole and the general dis-

cussion, I can see no reason for assuming that the jury was misled to the detriment of the defendants.

Judgment affirmed, with costs.

Guy and Martin, JJ., concur.

Judgment affirmed.