BORENCO IMPORTING CORPORATION, Respondent, *v.* HERMAN
    SPERBER and Another, Individually and as Copartners, Doing
    Business under the Firm Name and Style of SPERBER & KARO,
    Appellants.

First Department, May 4, 1923.

Sales — action to recover purchase price — goods were in possession of
    warehouseman at time of alleged sale — delivery not shown by order on
    warehouseman to deliver to buyer and mailing to buyer by seller
    of duplicate of order — Personal Property Law, § 124, subd. 3, applied —
    error to charge that mailing delivery order to warehouseman amounted
    to delivery and to refuse to charge that warehouseman was bound to send
    acknowledgment of order to buyer.

The delivery of goods, which at the time of the sale were in the possession of a ware-
    houseman, is not shown in an action to recover the purchase price by proof merely
    that the seller mailed to the warehouseman what purported to be a transfer order
    of the goods to the buyer's account and at the same time mailed a duplicate
    order to the buyer accompanied by an invoice and trade acceptance, for under
    such circumstances subdivision 3 of section 124 of the Personal Property Law
    requires the third person to acknowledge to the buyer that he holds the goods
    in his behalf before delivery can be complete.

It was error for the court to charge that the mailing of the delivery order to the
    warehouseman constituted a delivery and to refuse to charge that it was incum-
    bent upon the warehouseman to send an acknowledgment of the order to the buyer.

APPEAL by the defendants, Herman Sperber and another, from
a determination of the Appellate Term of the Supreme Court,
First Department, entered in the office of the clerk of the county
of New York on the 26th day of May, 1922, affirming a judgment
of the City Court of the City of New York in favor of the plaintiff,
and an order denying defendants' motion for a new trial.

*Herman Strizver*, for the appellants.

*Nathaniel H. Kramer* [*Ira J. Schuster* of counsel], for the
respondent.

FINCH, J.:

This is an action for goods sold and delivered. The defendants
denied generally, and as a separate defense pleaded the Statute
of Frauds. (See Pers. Prop. Law, § 85, as added by Laws of 1911,
chap. 571.) The contract was partly oral and partly written, but
in so far as the Statute of of Frauds is concerned, may be regarded
as oral. The plaintiff obtained a judgment for the purchase price,
from which, and from an order denying a motion for a new trial,
this appeal is taken.

Adopting the inference most favorable to the plaintiff that can

27

be adduced from the evidence, it appears that on or about September 28, 1920, the defendants gave the plaintiff an oral order for five cases of certain straw braid, to be delivered at the establishment of a dyer by the name of William Randall & Sons, by December 1, 1920; that said Randall & Sons acted as a warehouseman to the trade, and that the plaintiff had on storage there a quantity of goods of the character sold, in bales, bearing certain numbers; that plaintiff was furnished a book by Randall's called a transfer book, in which were entered the numbers of the bales owned by the plaintiff which were stored at Randall's; that on the first day of December the plaintiff mailed to Randall's what purports to be a transfer order to defendants' account of five cases of the goods in question, giving the numbers thereof, and at the same time mailed a duplicate order to the defendant, accompanied by an invoice and a trade acceptance, which, however, the defendants at once returned in a letter requesting the cancellation of the order.

One of the important issues in the case was the question of delivery, which had a two-fold aspect: *First,* as applied to the obligation of the plaintiff-seller to deliver to the defendant-buyers as part of the contract of sale; and *secondly,* in order to fulfill the requirement of the Statute of Frauds that there must be at least not only a partial delivery but an acceptance. (*Young* v. *Ingalsbe,* 151 App. Div. 375; affd., 208 N. Y. 503; *Cooke* v. *Millard,* 65 id. 352.) The Sales of Goods Act provides that, as between the seller and the buyer, " where the goods at the time of sale are in the possession of a third person, the seller has not fulfilled his obligation to deliver to the buyer unless and until such third person acknowledges to the buyer that he holds the goods on the buyer's behalf." (Pers. Prop. Law, § 124, subd. 3, as added by Laws of 1911, chap. 571.) There is no proof in the case at bar that William Randall & Sons ever sent to the defendants any acknowledgment of ownership of the goods in the defendants, as required by this statute, and hence a new trial must be had, as the plaintiff has thus not proven delivery.

There were also errors in the charge. Among other things, the learned court charged that the mailing of the delivery order by the plaintiff to William Randall & Sons would complete the plaintiff's case, thus ignoring the requirements of the above statute. To this charge the defendants duly excepted. The court also refused to charge that it was incumbent upon William Randall & Sons to send an acknowledgment of such an order to the defendants, to which an exception was also duly taken. There were also other errors in the charge, but it is unnecessary to point them out, as, for the reasons given, there must be a new trial.

It follows that the determination appealed from and the judgment and order of the City Court should be reversed and a new trial ordered, with costs to the appellants in all courts to abide the event.

CLARKE, P. J., PAGE, MERRELL and McAvoy, JJ., concur.

Determination of the Appellate Term and judgment and order of the City Court reversed and new trial ordered, with costs in all courts to appellants to abide the event.