GAFFERS-HINMAN COAL COMPANY, INC., Plaintiff, v. FREDERICK J. WESSEL, JR., Defendant.

Supreme Court, Schenectady County, August 31, 1928.

**Sales — action by seller to recover price — defense of Statute of Frauds — defendant alleges that there was no delivery and acceptance under Personal Property Law, § 85 — facts show both delivery and acceptance.**

The defendant ordered eight cars of coke from the plaintiff by telephone. Purchases were made from time to time by the defendant f. o. b. ovens in Pennsylvania, New York Central delivery to Schenectady, freight collect. After a car was loaded a card bearing the number of the car was sent to the plaintiff who, in turn, mailed it to the defendant. The order for eight cars of coke was given on February ninth and was acknowledged in writing the same day. Two days later defendant ordered two more cars. The defendant attempted to cancel the eight-car order on the twelfth after the price of coke had gone down, but at that time the coke was in transit from the point of shipment. The proof justifies a finding that there was a delivery of the eight cars of coke.

The contention by the defendant that he did not accept the coke is not sustained. Evidence justified the finding that after the defendant attempted to cancel the order he had a conversation with the president of the plaintiff and in that conversation finally said, " All right, go ahead and see what you can do to help me sell them." This statement by the defendant amounts to an acceptance of the cars that had been shipped, for by it defendant acknowledged ownership of the coke, and, therefore, acceptance of the coke is established.

Both delivery and acceptance were proved as required by section 85 of the Personal Property Law.

ACTION to recover on contract.

*Borst & Smith,* for the plaintiff.

*Naylon, Maynard, Bates & Smith,* for the defendant.

GOLDSMITH, J. The Statute of Frauds is interposed to recovery in this action. The defendant denies that there has been delivery and acceptance as required by section 85 of the Personal Property Law to constitute an enforcible oral contract.

During the winter of 1926 a strike in the coal mines of Pennsylvania created an increased demand for coke. The plaintiff and the defendant were coal dealers in the city of Schenectady and the plaintiff had been supplying coke in carload lots to the defendant. The plaintiff procured the coke from the Keystone Coal and Coke

Company of Philadelphia, which made shipments upon orders from the plaintiff, usually communicated by telegraph. Purchases were made from time to time by the defendant f. o. b. ovens Pennsylvania, New York Central delivery to Schenectady, freight collect. After a car was loaded and started a card bearing the number of the car was sent by mail to the plaintiff, who in turn mailed the card to the defendant. On February ninth defendant gave the plaintiff a telephone order for eight cars of coke, delivery instructions as heretofore. On the same day plaintiff mailed to the defendant written asknowledgment of this order. On the eleventh defendant gave another telephone order for two cars of coke and this order was acknowledged in the same manner. It is conceded by the parties that the eight cars comprising the order of the ninth were shipped from the ovens on the tenth and eleventh.

During the late afternoon of the eleventh there were rumors current of a settlement of the coal strike and confirmation appeared in the morning papers on the twelfth. The effect of the termination of the strike was to immediately reduce the price of coke. The plaintiff states that on the morning of the twelfth the defendant advised him over the telephone to cancel the orders of the ninth and eleventh. The dates covering these orders are fortified by a memorandum made by the defendant in a desk book in his own handwriting. Defendant testified that cancellation was communicated on the eleventh at about nine A. M. There is a pencil notation to this effect in defendant's handwriting in the desk book referred to directly under the order of the ninth. Defendant, however, must be mistaken in the date of cancellation as it is improbable that he would cancel an order at an early hour on the eleventh and on the same day place an order for two more cars. The proof justifies the finding that there was a delivery of eight carloads of coke pursuant to the order of the ninth prior to receipt of the notice of cancellation.

At the time of the cancellation the numbers of the cars under way had not been received by the plaintiff or communicated to the defendant. The defendant insists that there could be no delivery until he received the car numbers. This is not the legal effect of the contract. Delivery under the agreement was dependent upon shipment, not upon notification.

The defendant takes the position that, even though there may have been a delivery of the coke, there has been no acceptance. We are remitted to the conversations between the parties for a determination of this question. Notice of cancellation was given over the telephone to an employee of the plaintiff. Shortly thereafter Addison H. Hinman, vice-president of the plaintiff, talked

with the defendant over the telephone and he told the defendant that he would ascertain whether any shipments upon the orders of the ninth and eleventh had been made from the ovens in Pennsylvania. Later Mr. Hinman informed the defendant that the order of the eleventh had not been shipped and cancellation was effective but that the order of the ninth was in transit and the shipper refused to accept cancellation thereof. The defendant stated that he would refuse to take the coke but, in a subsequent talk with Mr. Hinman, over the telephone, after being informed that the goods were purchased on the basis of f. o. b. cars at the ovens and were in transit at the time the notice of cancellation was received, and in response to an offer to assist in disposing of this coke for the defendant's account, the defendant, according to the testimony of Mr. Hinman, said: " All right, go ahead and see what you can do to help me sell them." The defendant denies that he ever made any such statement, yet from the nature of the business relations existing between the parties it seems most reasonable to believe that he did. The plaintiff and the defendant were on friendly terms and there was nothing about the transactions involved in this litigation that differed from prior dealings. The defendant knew that if the coke were in transit and the shipper would not consent to cancellation, the loss must fall upon the plaintiff. It would seem that the defendant's immediate reaction would be to carry out a business engagement which he created and not thrust the loss upon the plaintiff, who had acted in good faith, and I think that this situation induced the defendant to make the statement attributed to him by the plaintiff. The testimony of the defendant throughout this case lacks such certainty as might otherwise refute this conclusion. As an example, upon cross-examination the defendant testified that he canceled the order of the eleventh because he believed that he was overstocked with coke. In a letter written by him to the plaintiff, however, he indicates that the cancellation was due to the price of coke and to the large profits being reaped by the shipper. This discrepancy between the oral and written statements of defendant concerning his reasons for canceling the shipments does not suggest that his recollection is any more accurate in respect to the other features of this controversy.

The statute allows acceptance by " words or conduct." (*Borenco Importing Corp.* v. *Sperber*, 118 Misc. 563.) Adopting the plaintiff's version of the conversation, there was an acceptance under the statute. The defendant said: " All right, go ahead and see what you can do to help me sell them." This language implies ownership and is an acknowledgment of acceptance and passing of title.

Surrogate's Court, Bronx County, September, 1928.    [Vol. 132

This statement was made after the defendant had been informed that the coke was in transit and delivery had been made in accordance with the terms of the contract. The proof establishes both delivery and acceptance of the coke.

The coke was sold at destination for defendant's account. The plaintiff's loss is conceded to be the amount demanded in the complaint, $1,028.69, with interest from the 10th day of March, 1926, and the plaintiff should have judgment against the defendant for this amount, with costs. Prepare findings accordingly.