By the Court.
Sandford, J.
When the plaintiff proposed to read in evidence the torn agreement, and the copy of the entire agreement, he had proved presumptively, that the parties *576 had agreed upon the terms of a sale of the hides, a written contract, expressing those terms, had been signed by the plaintiff, and received by the defendant, and a transcript of the same signed by the latter, and delivered to the plaintiff. After this, and before the parties separated, the defendant had dictated a further term or condition of the sale, and then acquiesced, apparently, in a substitute for that. And when the plaintiff was finally leaving, he fell back on the deposit, thus previously dictated, and when the plaintiff returned with the deposit, and offered to comply with his very unreasonable demand in that particular, he repudiated the contract altogether.
It seems to us very clear, that on the evidence thus given, and on the written agreement proposed to be read, the plaintiff was entitled to take the verdict of the jury, on the question, whether the agreement was not delivered absolutely, before the defendant made any remark about the required deposit. It was a question of intention, as to which there might be some doubt in consequence of what was said after he signed the contract and gave it to the plaintiff. The weight of the evidence on that point was decidedly in favor of the plaintiff. Certainly it was such that the court could not, with propriety, withdraw it from the consideration of the jury, and hold it in favor of the defendant.
If the contract were delivered conditionally, that condition was the deposit of four hundred dollars. The plaintiff was entitled to a reasonable time in which to make the deposit, and so far as it appears in the case, he did make it within the requisite time. If he did, the condition was fulfilled, and the delivery of the contract became absolute. It is a mistake to suppose that the delivery on the part of the defendant was revocable, and that the moment the plaintiff left to go after the money required to be deposited, the defendant could revoke the contract and refuse to be bound by it.
There was a full and complete written contract between the parties, signed and delivered, to take effect on the doing of afi act without the contract, which in point of law, no time for it being stipulated, was to be done in a reasonable time. Until that time elapsed, the defendant was not at liberty to withdraw from the contract. He could not recall what had been *577 done. He could rely only upon the condition, and avail himself of its breach as the reason why he should not be bound. If the condition were performed, his engagement became absolute.
If the proof given did not show conclusively that the plaintiff complied, in a reasonable time, with the condition attached to the delivery, it was at least sufficient to go to the jury on that question.
It does not appear for what cause distinctly, the learned judge refused to permit the mutilated agreement and the copy of the entire contract to be read. If it were because the delivery of the contract was incomplete, or was revoked, what we have said on that subject disposes of the point. If it were because no notice had been given to the -defendant to produce the portion of the mutilated paper which he had torn off in his struggle to take it from the witness, we think the decision excluding it was erroneous.
The party against whom the parol evidence of the missing portion was offered, had effected the physical destruction of the instrument to the extent of that portion. He had torn it off by violence, with the obvious intention of destroying the whole. He sought the paper, not to keep it as a valid instrument, but to avoid it. His acts show that if he had succeeded, he could have cancelled it. There is no evidence that he actually kept the fragment which he tore off, and from the circumstances of the act, the court was bound to presume that he did not. As against him, the plain determination to destroy the whole, is sufficient evidence, at least presumptively, that he destroyed the part which he obtained.
It follows that the plaintiff was at liberty to produce the mutilated contract, and to supply the part torn off by parol evidence.
The judgment at the special term must be reversed and a new trial ordered, with costs to abide the event of the suit.