## VAN BOSKERCK et al. v. TORBERT.

(Circuit Court of Appeals, Second Circuit. January 9, 1911.)

No. 103.

1. FRAUDS, STATUTE OF (§ 158*)—LOST MEMORANDUM OF SALE—PROOF OF CONTENTS.

The contents of a written memorandum of sale required by the statute of frauds, which has been lost, may be proved by parol, and proof of a statement by a defendant that an order for merchandise sent by letter had been accepted by mail is sufficient to establish such a written memorandum of sale, although the acceptance was not received by plaintiff.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 374; Dec. Dig. § 158.*]

2. FRAUDS, STATUTE OF (§ 115*)—SUFFICIENCY OF WRITING—SIGNATURE.

An unsigned statement given by defendants to plaintiff, purporting to show the number of barrels of flour sold by defendants to plaintiff and remaining undelivered, which included a certain number of barrels sold on a certain date, is not a sufficient memorandum to take such sale out of the statute of frauds of New York, which requires contracts of sale of goods for the price of $50 or more not delivered to be evidenced by some note or memorandum in writing subscribed by the party to be charged or his agent.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 242–250; Dec. Dig. § 115.*]

3. FRAUDS, STATUTE OF (§ 90*)—SALES OF GOODS—PART DELIVERY.

Where plaintiff sent orders by mail from time to time to defendants for flour for future delivery, the most of which were accepted in writing, but one was not, deliveries afterward made without any designation of the particular contract on which they were applied were presumptively intended to apply and were applied on the contracts in their chronological order, and where there was not sufficient to fill the orders prior to the one not accepted, there is no ground for claiming a delivery thereon to take the sale out of the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 174–179; Dec. Dig. § 90.*]

4. APPEAL AND ERROR (§ 1140*) — DISPOSITION OF CAUSE—REDUCTION OF AMOUNT OF JUDGMENT.

Where a judgment is excessive, but capable of correction by computation merely, it will not be reversed by an appellate court if the defendant in error files a remittitur of the excess.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4462–4478; Dec. Dig. § 1140.*]

In Error to the Circuit Court of the United States for the Eastern District of New York.

Action at law by Edward A. Torbert against George W. Van Boskerck and another. Judgment for plaintiff, and defendants bring error. Affirmed on condition of filing of remittitur.

Tyler & Tyler (William S. Tyler, of counsel), for plaintiffs in error. M. S. Lynch, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WARD, Circuit Judge. The complaint sets up seven separate and independent purchases on different dates of flour by the plaintiff from the defendants for future delivery aggregating 6,250 barrels, all of which were at the price of $3.75 per barrel except the last of April 30, 1907, which was at $3.90 per barrel:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| October | 29, | 1906 | 1,250 | bbls. at | $3.75 | per bbl. | |
| November | 7, | 1906 | 750 | " " | 3.75 | " | " |
| November | 13, | 1906 | 250 | " " | 3.75 | " | " |
| November | 15, | 1906 | 1,000 | " " | 3.75 | " | " |
| November | 26, | 1906 | 500 | " " | 3.75 | " | " |
| December | 26, | 1906 | 1,500 | " " | 3.75 | " | " |
| April | 30, | 1907 | 1,000 | " " | 3.90 | " | " |

It is admitted that the defendants delivered only 3,500 barrels, as follows:

| | | | | |
|---|---|---|---|---|
| November | 16, | 1906, | 250 | barrels. |
| December | 7, | 1906, | 250 | " |
| December | 21, | 1906, | 250 | " |
| January | 11, | 1907, | 250 | " |
| February | 2, | 1907, | 250 | " |
| February | 16, | 1907, | 250 | " |
| March | 12, | 1907, | 250 | " |
| March | 19, | 1907, | 250 | " |
| March | 25, | 1907, | 250 | " |
| April | 13, | 1907, | 250 | " |
| May | 6, | 1907, | 250 | " |
| June | 22, | 1907, | 250 | " |
| June | 28, | 1907, | 250 | " |
| July | 2, | 1907, | 250 | " |

The jury gave the plaintiff a verdict for the damages resulting from the failure to deliver 2,750 barrels. The contest in this court is as to the alleged sales of 1,000 barrels November 15 and 1,500 barrels December 26, 1906; the defendants denying that any such contracts were made and contending that, if made, they are void because not evidenced by a memorandum in writing as required by the statute of frauds, the relevant provisions of which are as follows (section 31 of the personal property law [Consol. Laws, c. 41]):

"Agreements required to be in writing. Every agreement, promise or undertaking is void unless it or some note or memorandum thereof be in writing and subscribed by the party to be charged therewith or by his lawful agent, if such agreement, promise or undertaking * * * (6) is a contract for the sale of any goods, chattels or things in action for the price of fifty dollars or more, and the buyer does not accept and receive part of such goods, or the evidences, or some of them, of such things in action; nor at the time, pay any part of the purchase money."

The plaintiff testified that, not having received any written confirmation of the sale of November 15th, of 1,000 barrels, at $3.75, he complained to Thomas Van Boskerck, who replied that he had mailed the usual confirmation. It is contended that the case should be treated as if this had been done and the letter had miscarried. The contents of a written memorandum of sale which has been lost, required by the statute of frauds, may be proved by parol testimony. Reed on Statute of Frauds, § 326; Jackson v. Livingston, 7 Wend. (N. Y.) 136. This testimony, which must have been believed by the jury, seems to us sufficiently to establish the memorandum.

The plaintiff further testified that he bought 1,500 barrels December 26th, for which he received no written confirmation, and that on or about January 10, 1907, he asked Thomas Van Boskerck, one of the defendants, for a statement of the amount of flour due him, who turned to his books and wrote off the following:

$$
\begin{array}{rrl}
\text{October} & 29, 1,750 & \text{sacks.} \\
\text{November} & 7, 1,250 & \text{"} \\
\text{November} & 13, \phantom{1,}350 & \text{"} \\
\text{November} & 15, 1,400 & \text{"} \\
\text{November} & 26, \phantom{1,}700 & \text{"} \\
\text{December} & 26, 2,100 & \text{"} \\
\hline
& 7,550 & \text{"} \\
& 5 \\
\hline
7) & 37,750 \\
\hline
& 5,390 \\
& 1,250 \\
\hline
& 3,140
\end{array}
$$

This memorandum is of sacks (of the same quantity) instead of barrels, and contains a mistake in subtraction; but its importance is that it recognizes the sales alleged by the plaintiff to have been made November 15th and December 26th. That in view of it the jury found such contracts had been made is not to be wondered at. The plaintiff contends that this memorandum satisfies the statute of frauds; but this is clearly not so, because it does not pretend to state a contract and is not signed. Next he says it is to be regarded as an account stated; but, if there can be an account stated of a balance of goods, it is a sufficient answer that the complaint is not upon an account stated.

Finally, the plaintiff relies upon the following confirmation of sale:

Plaintiff's Exhibit 1–F.

New York, December 26, 1906.

We have this day sold to Daniel Mapes, Jr., one thousand bbls. flour branded King Patent $3.95 to be delivered in Jute sacks for account of E. A. Torbert, Jr.                George W. Van Boskerck & Son, Per T. R. Van B.
Terms cash.

This, instead of being a memorandum of a sale by the defendants to the plaintiff, is a memorandum of a sale by the plaintiff to Mapes through the defendants, as his agents.

The only remaining question is whether the contract of December 26th was saved by the acceptance and receipt by the plaintiff of goods under it. The burden lay upon him to prove deliveries on the particular contract. Williams v. Morris, 95 U. S. 444, 456, 457, 24 L. Ed. 360. Both parties agree that the last three deliveries made were on the contract of April 30, 1907, which was for $3.90 per barrel. All the other contracts were for $3.75 per barrel, and there is no proof whatever of how deliveries were applied upon them. If we indulge the presumption that they were applied to the contracts in their chronological order, there was a delivery of 500 barrels on the contract of

November 15th and no delivery on the contract of December 26th. This leaves no ground for the plaintiff's recovery on that contract. We are compelled to the conclusion that there was error at least in the refusal of the defendants' request to charge that there was no evidence upon which the jury could find a contract of sale of the date of December 26th.

The presumption we have indulged as to the application of deliveries being the most favorable possible to the defendant, and the error being capable of correction by computation merely, there need be no new trial if the judgment is reduced by the proper amount. Hansen v. Boyd, 161 U. S. 397, 16 Sup. Ct. 571, 40 L. Ed. 746.

Ordered, if the defendant in error within 10 days after this opinion is handed down file a remittitur of $1,500 with interest from May 22, 1907, to the date of the verdict, in the office of the clerk of the Circuit Court of the United States for the Eastern District of New York, and a certified copy thereof in the office of the clerk of this court, the judgment, less the amount so remitted, will be affirmed, with costs of this court to the plaintiffs in error. But, if this is not done, judgment will be reversed, with costs of both courts to the plaintiffs in error.