DAVID R. POSNER, Appellant, *v.* EMANUEL F. ROSENBAUM, Respondent.

First Department, April 6, 1934.

*Aaron H. Marx* of counsel [*Frank L. Miller* with him on the brief; *Godfrey & Marx*, attorneys], for the appellant.

*Chester Bordeau* of counsel [*Orison S. Marden* with him on the brief; *White & Case*, attorneys], for the respondent.

GLENNON, J. The plaintiff has appealed from a judgment dismissing his complaint on the pleadings and counsel's opening. After the jury was impaneled, the defendant was permitted by the court to amend his answer by setting forth the Statute of Frauds as a defense, and, in addition thereto, to plead the illegality of the transaction upon which plaintiff's claim was based. An application by the plaintiff, on the other hand, to amend his bill of particulars so as to indicate that the memorandum which was signed by the defendant, wherein he promised to pay plaintiff a certain amount alleged to be due, contained the statement that it was to be paid in July, 1931, was denied. In view of the leeway which was given to the defendant in amending his answer, we believe that the same consideration should have been shown to the plaintiff, since it appeared that the defendant had examined him before trial and, as a result, was aware of the fact that plaintiff intended to give testimony in accordance with the proposed amendment.

Before discussing the facts, it might be well to quote the statement of the trial court, delivered at the time the complaint was dismissed:

" The Court: The plaintiff cannot recover without proving the memorandum required by Section 31, Subsection 5 of the Personal Property Law. He admits his inability to produce such a document and offers oral testimony to the effect that a paper was drawn by the defendant and initialled by the plaintiff and defendant but not delivered, reading as follows:

" ' Due David Posner.................................. $7,000
  Account Jerome Strouse claim..................... 500
  Check on account................................. 500

    Balance........ ..................... ... $6,000 '
  " Signed ' E. F. R.' and under that, ' D. R. P.' "

Solely for the purpose of this opinion, we recite, as true, the facts, in substance, which plaintiff's counsel stated in his opening he expected to prove. Prior to the month of May, 1927, the plaintiff was a customer's man employed by the firm of Dean, Onitavia & Co., of which defendant was one of the partners. The partnership owed plaintiff about $11,000, when in August, 1927, an involuntary petition in bankruptcy was filed against it. At defendant's request and in order to enable him and his partners to effect a composition whereby the creditors could obtain one hundred cents on the dollar, plaintiff did not file a claim. As a consideration therefor, defendant promised to pay plaintiff in full after the completion of the composition. Plaintiff performed his part of the agreement. The composition was duly effected and completed. The defendant did not pay the plaintiff the money which was due him, although, from time to time, the promise was repeated. As a result of the composition settlement, the assets of Dean, Onitavia & Co., were returned to the defendant and his partners. Subsequent thereto the partnership attempted to collect $500 from one Jerome Strouse, a customer, who had business dealing with the firm through the plaintiff. The latter intervened with the defendant, and, as a result, an arrangement was made whereby the $500 claimed from Strouse was to be charged against the moneys due to the plaintiff. Thereafter plaintiff made repeated demands for the balance due him. Late in 1930, after the defendant had pleaded his inability to pay the full amount of plaintiff's claim, a new arrangement was made whereby the amount of the debt was reduced to $7,000. The plaintiff received a check for $500, and the additional $500, which was claimed from Strouse, was deducted, leaving a balance due of $6,000. For defendant's protection the memorandum which was referred to by the trial justice was drawn. It provided, as we have seen, according to the proposed amendment to plaintiff's bill of particulars, that the sum of of $6,000 was to be paid in July. It was stated by counsel that the defendant placed his initials on the memorandum and that the plaintiff did likewise. When the plaintiff asked for it, the defendant said: " You don't need that. You have agreed to reduce your claim from $11,000 to $7,000. I want an evidence of that reduction." Thereafter, plaintiff made frequent demands without result and this action was commenced.

It is not disputed that in order to take this claim out of the Statute of Frauds it was necessary that the promise be reduced to writing and signed by the party to be charged. In his brief the appellant states: The " entire case hangs on this paper and on what happened to it."

As we have seen, the court at Trial Term based the dismissal upon the inability of plaintiff to produce the memorandum required by section 31, subdivision 5, of the Personal Property Law. In this we believe the court was in error. Assuming, as we must for the present, that the writing required by the statute had been executed, its contents could be proved by oral evidence, if the court was satisfied either that it was in the possession of the defendant or had been lost or destroyed by him. In 1 Williston on Sales (2d ed.), page 118, we find the following statement: " In the first place a memorandum made after the beginning of the action will not satisfy the statute; while on the other hand, parol evidence of a lost or destroyed memorandum is sufficient." To support this statement Professor Williston cites *Van Boskerck* v. *Torbert* (184 Fed. 419); *Woodruff Oil & F. Co.* v. *Portsmouth Cotton Oil R. Corp.* (246 id. 375); *Kleeman* v. *Collins* (9 Bush, 460). Several [early English and New York authorities are also in point (*Read* v. *Price* [L. R. 1909] 2 K. B. 724; *Gilchrist* v. *Herbert*, 26 L. T. R. 381; *Scott* v. *Pentz*, 5 Sandf. 572; *Jackson* v. *Vail*, 7 Wend. 125).

While *Read* v. *Price* (*supra*) dealt primarily with the Statute of Limitations, COZENS-HARDY, M. R., made reference to the Statute of Frauds. The following quotation from his opinion shows the logic of the rule: " You may prove the existence of the writing by the ordinary law of evidence, and when the writing is lost, and the proof of the loss is satisfactory to the Court, you may give secondary evidence of the contents of the lost document, just as in cases where writing is required under the Statute of Frauds you can always prove the existence of the writing by parol evidence, if proof is given of the loss of the written document."

Mr. Reed in his work on the Statute of Frauds, volume 1, section 326, considers the subject very carefully. Some of the authorities referred to by him are indeed helpful. The following quotation from *Blackburn* v. *Blackburn* (8 Ohio, 81) is apt: " It is urged further by counsel for defendants, that by receiving parol evidence, to prove the contents of a deed, the statute of frauds is violated, or at least evaded. But in this, it seems to the court, counsel are mistaken. Section 4 of this statute, 29 Ohio L. 218, provides that no interest in land shall be assigned or granted, unless it be by deed or note in writing, etc. If the proposition in this case had been to prove a parol grant of the premises in controversy, it would have been within the statute. But it was not so. The proposition was to prove that a grant had been made in writing, and in conformity with the law regulating the conveyance of real estate. True, the instrument of writing evincing this grant was not produced; nor could it be, because it was lost, and from necessity

parol evidence was admitted to prove, not a parol conveyance, but a conveyance in writing.

"It has been further objected in argument, that by adhering to the principle decided upon the circuit there is danger of opening a wide door to perjury. The force of this objection is felt by the court; we always regret to be under the necessity of receiving parol evidence of any written instrument, and not unfrequently, in such cases, entertain suspicions that the party claiming under such proof, establishes a more favorable case than he would were the instrument itself produced. But it is not within our province to disregard a rule of law, because, by possibility, it may be abused. All we can do is to guard as far as possible against such abuses."

A Pennsylvania case, *Irwin* v. *Irwin* (34 Penn. St. 525, at p. 529) is also in point, as will appear from the following excerpt from the opinion: "The note in writing, which is sufficient to take a parol title out of the Statute of Frauds and Perjuries, must be proved like any other private instrument. If it cannot be produced, it must be shown first, to have existed; next, that it is lost, which may be inferred from diligent but unsuccessful search for it in the place where, if still existing, it ought to be found; and then, its contents may be proved by any person having knowledge of them, with the same effect as the paper itself would have, if produced."

Let us assume, therefore, that plaintiff would have been in a position to prove by secondary evidence that after he initialed the memorandum he returned it to defendant. We then come to a consideration of the question raised by respondent as to its sufficiency. A fair construction of the words used would indicate that the respondent owed appellant the sum of $6,000 which was to be paid in July, 1931.

In *Buehler* v. *Pierce* (175 N. Y. 264, at pp. 266, 267), Judge CULLEN said: "The term 'due' is defined by Bouvier (1 Law Dict. 621) to be 'what ought to be paid; what may be demanded;' by Burrill (1 Law Dict. 404) as 'that which one owes; that which one ought to pay, or do to, or for another.' The definition given in Webster's Dictionary is: 'Owed; that ought to be paid or done to another. That is due from me to another; which contract justice or propriety requires me to pay and which he may justly claim as his right. That which law or justice requires to be paid or done.'" (See, also, *Seymour* v. *Warren*, 179 N. Y. 1).

We next consider the question as to the legality of the contract entered into between the parties. The original promise to pay by this defendant was based upon plaintiff's agreement to refrain from filing a claim in the bankruptcy proceedings. The purpose was to enable the defendant and his partners to enter into a com-

position agreement whereby the creditors at large would be paid in full. An arrangement of that type, logically, cannot be said to be tainted with illegality. Nothing to the contrary is expressed in the opinion of Judge CRANE in *Meyer* v. *Price* (250 N. Y. 370).

We repeat, lest there be any misunderstanding, that we assumed the facts which counsel for the plaintiff stated in his opening to be true solely for the purpose of disposing of the questions contained in the record on this appeal.

The judgment appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event.

FINCH, P. J., MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.