In the Matter of the Estate of GEORGE T. BERNARD, Deceased.

Surrogate's Court, Bronx County, April 5, 1941.

*Horstmann & Kozinn [Joseph J. Kozinn of counsel], for the administrators.*

*Tipple & Plitt [Adolph Hansen of counsel], for Ella Lee and other distributees.*

*Grant & Wefer [Floyd M. Grant and G. Hubert Krieger of counsel], for the Railroad Federal Savings & Loan Association and Helen R. Roberts, creditors.*

*Rose Greenberg,* for Miller, Bretzfelder and Boardman, creditors.

*Karelsen & Karelsen [John T. McNally, Jr., of counsel], for Eva Neiman, Bronx Shore Park Development Company, Inc., and June Development Co., Inc.*

*Bondy & Schloss [Charles Kurz of counsel], for Bondy & Schloss and Martha M. Broderick, creditors.*

*Fertig, Walter & Gottesman [Samuel Gottesman of counsel], for the surety.*

HENDERSON, S. The amended motion addressed to the interim report of the referee and the motion upon his supplemental report are consolidated and decided as hereinafter set forth.

The principal objections to the reports are addressed to the referee's determinations of rejected claims based upon the decedent's alleged written guaranties of bonds secured solely by mortgages on real property. These guaranties are missing. The liens of some of these mortgages have been cut off by foreclosures of prior mortgages. Others were foreclosed with resulting deficiency judgments against the respective principal obligors, but without personal jurisdiction over the decedent's estate. One is a first mortgage and has not been foreclosed.

These objections are based, in the main, upon the Statute of Frauds and the emergency legislation affecting obligations secured by mortgages upon realty.

The referee received parol evidence that the decedent signed a guaranty written on each bond, and that these guaranties had been lost. Witnesses testified that the guaranties read: " I hereby guarantee the payment of the within bond." If such parol evidence is competent, it is credible and reasonably clear and certain. Considered with the other testimony, it sustains the referee's finding that the respective claims were founded on valid guaranties.

The pertinent Statute of Frauds (Pers. Prop. Law, § 31, subd. 2), in so far as is now relevant, declares void any such promise " unless it or some note or memorandum thereof be in writing, and subscribed by the " decedent. There is nothing in the statute to bar parol evidence that each such promise complied with the statutory requirements. The statute does not affect or modify the best evidence rule as to proof of any writing.

The execution, existence, contents and subsequent destruction or loss of missing instruments, required by pertinent Statutes of Frauds (Pers. Prop. Law, § 31; Real Prop. Law, § 242) to be in writing and subscribed, may be proved by parol evidence under the secondary or best evidence rule. (*Jackson* v. *Livingston,* 7 Wend. 136, 139; affd., *sub nom. Corbin* v. *Jackson,* 14 Wend. 619, 623, 629; *Jackson* v. *Vail,* 7 id. 125, 128; *Kent* v. *Harcourt,* 33 Barb. 491, 494; *Posner* v. *Rosenbaum,* 240 App. Div. 543, 545–547; *Van Boskerck* v. *Torbert,* 184 Fed. 419.)

The referee was correct in receiving oral evidence as proof of the lost writings and of their loss.

The Legislature has decreed that, during the period of the emergency as fixed by statute, parties liable for a deficiency judgment in an action to foreclose a mortgage on realty and parties liable, directly or indirectly or contingently, upon indebtedness secured solely by such a mortgage, may set off the fair and reasonable value of the mortgaged realty less prior liens and incumbrances.

The provisions of section 1083-a of the Civil Practice Act are limited in their application to foreclosures of mortgages, over which this court has no jurisdiction. Similar protection for a guarantor of a bond secured solely by a mortgage on real property was enacted in section 1083-b of the Civil Practice Act, provided the mortgage was dated prior to July 1, 1932. The latter statute applies to the prosecution of a claim against a deceased guarantor whether by action against his legal representatives or by assertion of the claim upon the judicial settlement of their account. Although

the statute uses the term " any action," it must be construed as including the prosecution of a claim in the Surrogate's Court. Otherwise a claimant against a deceased guarantor could file a claim based upon the guaranty with the decedent's legal representatives, commence no action within three months of its rejection and prosecute the claim upon the judicial settlement (Surr. Ct. Act, § 211) without the emergency protection available to such representatives in an action against them upon the same claim. They could not compel an action, but must defend the claim in the accounting proceeding. No such unjust discrimination should be imputed to the legislative intent. The claimants have elected to attempt collection of their respective claims upon this judicial settlement, and the issues are pending under the same statutory provisions as control relief in actions at law on like claims. (Civ. Prac. Act, § 1083-b; *Matter of Oster*, 8 N. Y. Supp. [2d] 249, 256; affd., on another point, 258 App. Div. 930.)

The referee was correct in applying the latter statute and evaluating the various parcels of realty upon which the respective mortgages were formerly liens.

The referee allowed a claim for $4,900 based upon an alleged guaranty of a bond secured solely by a mortgage which has not been foreclosed. In that he erred. The mortgage is still an unforeclosed lien upon realty to which the holder of the bond and mortgage must first resort before there can be any positive claim. This claimant may submit for disposition by the referee a contingent claim upon timely compliance with the applicable provisions of section 207 of the Surrogate's Court Act, as amended by chapter 86 of the Laws of 1941.

The referee's determination of this claim is overruled and the claim, as presented, is dismissed without prejudice to the assertion of a contingent claim under the last cited statute.

A schedule of prior liens deductible under the statute (Civ. Prac. Act, § 1083-b) from the reasonable value of the mortgaged realty, was received in evidence without objection in lieu of testimony by the compiler thereof. This exhibit has been lost and was not submitted with the reports. So much of the referee's decision as was based upon such exhibit is opened for the purpose of submitting evidence concerning such liens to the referee for his further determination and report thereon.

In all other respects the report of the referee, as modified and augmented by his supplemental report, is confirmed.

The reports are interim only and the referee will resume his deliberations in consonance with this opinion. Settle order.