■ In the Matter of TALCO CONTRACTORS, INC., Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.—Yesawich, Jr., J.

Sales and use taxes with interest have been assessed against petitioner by reason of the bulk sale of construction equipment from Elmgrove Developers, Inc., to petitioner. The two corporations, both engaged in the contracting business and located in Rochester, are closely held and closely related: petitioner's sole shareholder, Mary Bacchetta, is also the major shareholder of Elmgrove, and her son, Louis Bacchetta, is president of petitioner and vice-president of Elmgrove. Petitioner challenged the assessment arguing that the sale of the equipment did not constitute a bulk sale, that the transfer of construction equipment was in settlement of a valid security interest which had been established prior in time to the tax lien against Elmgrove, and therefore was not subject to the bulk sale provisions of Tax Law § 1141 (c) *(see,* 20 NYCRR 537.1 [a] [4] [i]). Respondent found petitioner failed to meet its burden of proving that an executed written security agreement ever existed and sustained the assessment. This proceeding ensued.

Where, as in this case, the collateral was not in the possession of the secured party, the Uniform Commercial Code

provides that a security agreement must be evidenced by a writing describing the collateral, signed by the debtor (UCC 9-203 [1] [a]). Petitioner maintains respondent erred in refusing to consider parol evidence petitioner tendered, orally re-creating a security agreement, in making its determination that the security agreement never existed.

Except where the party invoking the protection of the Statute of Frauds admits the unproduced agreement was indeed entered into (see, Dependable Lists v Malek, 98 AD2d 679, 680, appeal dismissed 62 NY2d 645), the Statute of Frauds shelters certain transactions from the uncertainty of witness memory and the danger of fraud (see, 56 NY Jur, Statute of Frauds, § 313, at 425) by immunizing them from parol evidence (see, Matter of Levin, 276 App Div 739, 742, affd 302 NY 535). Allowing the terms of a lost writing covered by the Statute of Frauds to be proven by parol evidence, when the writing's very existence is suspect, would undermine the statute's rationale, for such evidence is no more reliable than parol evidence of an oral agreement. Thus, in the case of a security agreement, there must be a writing that objectively indicates the parties intended to create a security interest; accordingly, respondent correctly disregarded parol evidence for the purposes of this inquiry (see, White and Summers, Uniform Commercial Code § 23-3, at 905 [2d ed]), particularly so here, where the transaction was not an arm's length one.

Furthermore, even if, as petitioner suggests, the best evidence rule enabled it to circumvent the writing requirement with secondary evidence, and we made the dubious assumption that the absence of the alleged written security agreement has been adequately explained, respondent's determination must nevertheless be confirmed for petitioner has failed to satisfactorily prove the content of the missing security agreement. For instance, the two "UCC-1 financing statements" filed in the Monroe County Clerk's office and other documents offered as evidence of the terms of the agreement provide incongruous descriptions of the covered collateral. And the testimony adduced at the formal hearing did little to illuminate the specific terms of the agreement, making a remittal of this matter, as urged by petitioner, purposeless.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.