**C.I.F. PRODUCTIONS, INC., Plaintiff,**

v.

**BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, a/k/a Mode Craft Fashions, Defendant.**

**No. 94 Civ. 6258 (LAK).**

United States District Court,
S.D. New York.

March 25, 1995.

Paul H. Appel, New York City, for plaintiff.

Stacy John Haigney, New York City, for defendant.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This is an action for a balance allegedly due on goods sold and delivered. The case is before the Court on plaintiff's motion to amend the complaint to increase the amount demanded and for summary judgment. Defendant opposes plaintiff's motion for summary judgment and asserts that the undisputed facts warrant judgment in its favor.

### Facts

Defendant, a retail clothing chain, ordered various items of apparel from plaintiff in the

period May through December 1993. Burlington issued purchase orders for the goods, which were shipped and invoiced by CIF and allegedly resold by Burlington. Beginning in late October 1993, but principally in December 1993 and January 1994, Burlington issued chargebacks to CIF in which it asserted that CIF had invoiced it for more than the agreed price. Burlington evidently paid the uncontested portion of the invoices. CIF here seeks to recover the amount of the chargebacks, which appears to be $93,575.

Burlington claims that the deal between the parties was renegotiated in the fall of 1993 and that the original prices were reduced substantially in recognition of CIF's alleged inability to make timely deliveries. The arrangement allegedly was concluded between Burlington's Mr. Felbin and CIF's Mr. Meehan and confirmed by Meehan in a letter to Felbin. Felbin has submitted an affidavit claiming both that the modification occurred and that it was reflected in a letter to him from Meehan. Burlington, however, has been unable to produce the alleged letter. Meehan, for his part, denies both the modification and the letter.

### Discussion

CIF contends that the claimed modification is barred by the statute of frauds in view of Burlington's inability to produce the alleged letter and, in consequence, that it is entitled to summary judgment. Burlington's response is twofold. First, it acknowledges that the statute of frauds requires proof of a writing confirming the alleged modification, but argues that the writing can be proved by parol. Second, it contends that the statute of frauds is satisfied independently by CIF's alleged retention without objection of revised purchase orders sent to it by Burlington and reflecting the modified prices.

The modification alleged here is unenforceable absent a writing sufficient to satisfy the statute of frauds. N.Y.Unif.Comm.Code §§ 2–209 (McKinney 1994). Nevertheless, the statute of frauds does not preclude proof of the alleged modification here.

▪ Although the issue is not entirely free of doubt, it appears that New York law permits proof of the existence of a writing

sufficient to satisfy the statute by parol evidence where the failure to produce the original is explained adequately. *Van Boskereck v. Torbert,* 184 F. 419, 420 (2d Cir.1911); *Webb & Knapp, Inc. v. United Cigar–Whelan Stores Corp.,* 276 App.Div. 583, 96 N.Y.S.2d 359 (1st Dept.1950); *Posner v. Rosenbaum,* 240 App.Div. 543, 270 N.Y.S. 849, 851–53 (1st Dept.1934); *In re Bernard's Estate,* 176 Misc. 132, 26 N.Y.S.2d 767, 769–70 (Surr.Ct.Bronx Co.1941) (collecting cases); *but see Matter of Talco Contractors, Inc. v. New York State Tax Commission,* 140 A.D.2d 834, 835, 528 N.Y.S.2d 219, 220 (3d Dept.1988) (existence of security agreement may not be proved by parol). Felbin's testimony that a confirmatory letter existed but has been misplaced, if otherwise admissible and if credited, therefore appears to be sufficient to satisfy the statute.

▪ We need not rely on this debatable proposition, however. Section 2–201(2) of the Uniform Commercial Code provides that the retention without written objection of a confirmatory writing satisfies the statute. N.Y.Unif.Comm.Code § 2–201(2) (McKinney 1994). Here it is undisputed that Burlington sent revised purchase orders containing the modified prices to CIF and that CIF retained them without written objection for more than the requisite ten days. While this in itself does not establish that the modification occurred, it is sufficient to deprive CIF of the statute of frauds defense. *Id.* Comment 3.

Burlington would have us go one step further and grant summary judgment dismissing the complaint. It argues that CIF's retention of the revised purchase orders establishes the terms of the modified contract and that the parol evidence rule, *id.* § 2–202, precludes CIF from disputing the prices there set forth. We reject the argument for two reasons.

▪ First, as Comment 3 to Section 2–201 explicitly states, CIF's retention of the revised purchase orders solves Burlington's statute of frauds problem, but only its statute of frauds problem, with respect to the modification. "[T]he burden of persuading the trier of fact that a [modification] was in fact

made orally prior to the written confirmation is unaffected." *Id.* There is a genuine issue of fact as to whether a modification was made.

Second, the UCC bars parol evidence only of terms at variance with those set forth in a writing "intended by the parties as a final expression of their agreement with respect to such terms . . ." *Id.* § 2–202. It is by no means clear that the revised purchase orders sent by Burlington to CIF were intended by both of the parties to be a final expression of their agreement as to price. *E.g., B.N.E. Swedbank, S.A. v. Banker,* 794 F.Supp. 1291 (S.D.N.Y.1992); *Compania Sud–Americana de Vapores, S.A. v. IBJ Schroder Bank & Trust Co.,* 785 F.Supp. 411, 430–33 (S.D.N.Y.1992). Among other things, the modified prices contained in the copies of the revised purchase orders produced by CIF have been crossed out, which may reflect CIF's disagreement with their terms.

In consequence, CIF's motion for summary judgment and Burlington's suggestion that summary judgment be entered dismissing the complaint both are denied. The motion to amend, which is unopposed, is granted.

A few words are appropriate, however, on the subject of the moving papers. The moving affidavit of CIF's George Wolf states that Burlington "issued various purchase orders which establish the quantities and prices of goods to be delivered" and that "[a] copy of the purchase orders is annexed hereto as Exhibit 4." (Wolf Aff. ¶ 5) The affidavit thus leads the reader to believe that Exhibit 4 contains copies of the original purchase orders received by CIF from Burlington.

Burlington's response points out—and CIF now does not deny—that certain of the purchase orders included in CIF's Exhibit 4 are not the original purchase orders, as CIF claimed. Rather, they are the revised purchase orders issued by Burlington, which contain the modified prices to which CIF allegedly agreed, but they have been altered to appear consistent with the original prices. The difference in unit prices between the original agreement and the alleged modification in each case covered by these documents is $10. And in each case, CIF inserted by hand the numeral "1" just prior to the unit price in order to increase the unit price on the purchase order by $10, as from $8 to $18. In each case, it also crossed out the extension (i.e., unit price times number of units).

Burlington suggests that this alteration was fraudulent. That is not clear. There is no dispute that Burlington issued purchase orders containing the original prices. Moreover, by producing the altered revised purchase orders, CIF in fact produced evidence of its receipt of confirmatory memoranda sufficient to take the alleged modification out of the statute of frauds for the reasons outlined above. This certainly was not the deliberate act of one seeking to commit fraud. The changes may well have been made at the time the revised invoices were received. The issue, of course, may be an appropriate subject of cross-examination. Moreover, a clearer description of the attached documents would have been desirable in any event.

SO ORDERED.