■ BRENDAN LYNCH et al., Plaintiffs, v LENORE SAVARESE et al., Defendants and Third-Party Plaintiffs-Appellants. CELTIC WOODWORKING CORP., Third-Party Defendant-Respondent. [629 NYS2d 804] —In a negligence action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rutledge, J.), dated February 25, 1994, as granted the third-party defendant's motion for summary judgment dismissing the third-party complaint, (2) from a judgment of the same court, entered May 17, 1994, which is in favor of the third-party defendant dismissing the third-party complaint, and (3) from an order of the same court, dated June 30, 1994, which denied their motion to renew.

Ordered that the appeal from the order dated February 25, 1994, is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, so much of the order dated February 25, 1994, as granted the third-party defendant's motion for summary judgment is vacated, the motion is denied, and the third-party complaint is reinstated; and it is further,

Ordered that the appeal from the order dated June 30, 1994, is dismissed as academic, in light of our determination on the appeal from the judgment; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order dated February 25, 1994, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the third-party action (see, *Matter of Aho*, 39 NY2d 241, 248). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The plaintiff Brendan Lynch seeks damages for personal injuries purportedly sustained in a construction accident. In

the amended verified complaint, Lynch alleges that, while employed by the third-party defendant Celtic Woodworking Corp. (hereinafter Celtic), he was injured while building an enclosure over an alleyway at his place of employment. The appellants, who are the owners of the premises occupied by Celtic, and allegedly liable for Lynch's injuries under the provisions of the Labor Law, sought contribution and/or indemnification from Celtic based on both a lease holding the owners harmless "for any injury * * * to any person happening on or about the Demised premises", and common-law negligence. Celtic allegedly controlled all aspects of the construction, including the scaffolding and safety equipment in use on the job. Upon Celtic's motion for "summary judgment as to the contractual claims asserted", the Supreme Court dismissed the entire third-party complaint. We deny Celtic's motion for summary judgment.

The appellants' common-law indemnity claim was improperly dismissed. Celtic never sought summary judgment thereon (*see, Mihlovan v Grozavu*, 72 NY2d 506), and the evidence in the record does not establish Celtic's entitlement to judgment as a matter of law (*see, e.g., Sansalone v Regan*, 212 AD2d 771; *Lopez v 36-2nd J Corp.*, 211 AD2d 667).

Further, there are issues of fact as to whether Celtic is liable for contractual indemnification. Celtic was a holdover month-to-month tenant of the appellants at the time of the accident. However, Celtic's principal acknowledged at an examination before trial that there was "a lease * * * in effect for that property" which expired in August 1991. When a tenant remains in possession after the expiration of a lease "pursuant to common law, there is implied a continuance of the tenancy on the same terms and subject to the same covenants as those contained in the original instrument" (*City of New York v Pennsylvania R. R. Co.*, 37 NY2d 298, 300; *see, Del Giacco v Noteworthy Co.*, 175 AD2d 516).

Celtic contends that it cannot be held liable under the written lease which expired in 1991 because (1) that lease listed Woodside Carpentry and Cabinet Corp. (hereinafter Woodside) as tenant, and (2) the appellants were unable to produce a signed copy of the lease.

With respect to the first of these contentions, Celtic's principal and sole officer acknowledged at his deposition that he was also the sole officer of Woodside. Woodside initially held the lease for the premises occupied by Celtic, and, after Woodside was dissolved in 1981 by the Secretary of State for nonpayment of franchise taxes, Celtic's principal continued to renew

the lease in Woodside's name, without informing the landlord of Woodside's demise until late 1991 or early 1992. Celtic occupied the premises, and paid rent to the landlord. Thus, it appears that Woodside was listed as tenant on the lease, either by mutual mistake or unilateral mistake coupled with fraud (*see, Chimart Assocs. v Paul*, 66 NY2d 570, 573), and Celtic may be precluded from disclaiming liability on the ground that it was not listed as tenant on the lease.

With respect to the second of these contentions, although the appellants were unable to locate a signed copy of the lease, they submitted an affidavit from the former managing agent of the premises, who asserted that he observed Celtic's principal sign the lease covering the period from September 1, 1988, until August 31, 1991, a copy of which is included in the record. Although Celtic's principal testified at his deposition that he could not recall signing the lease, he also noted that the lease which expired August 31, 1991, "looks like the last lease we *signed*" (emphasis supplied), and that he might have an executed copy of the lease in his office.

The loss or destruction of a written instrument does not deprive it of effect under the Statute of Frauds (*see*, Restatement [Second] of Contracts § 137; *Posner v Rosenbaum*, 240 App Div 543; *Connecticut Bank & Trust Co. v Wilcox*, 201 Conn 570, 518 A2d 928). Therefore, even if no signed copy of the lease can be found, the appellants could still prove its existence by extrinsic evidence (*see, Posner v Rosenbaum, supra*).

Accordingly, there are issues of fact which preclude the granting of summary judgment. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.