■ PETER S. NICOSIA, Appellant, v FLORENCE G. MULLER et al., as Coexecutors of the Estate of EMIL MULLER, Deceased, Respondents. [645 NYS2d 385] —Order insofar as appealed from unanimously reversed on the law with costs and motion denied in part in accordance with the following Memorandum: Plaintiff commenced this action seeking damages for breach of an alleged written agreement to provide pension benefits. Defendants moved, *inter alia,* for an order declaring that, because the three original copies of the written agreement cannot be found and defendants do not admit the existence of such an agreement, the Statute of Frauds (General Obligations Law § 5-701 [a] [1]) precludes plaintiff from proving the existence and terms of the agreement by secondary evidence. Supreme Court erred in granting that part of the motion.

A party may elicit parol evidence to prove the existence and terms of a written agreement, thereby satisfying the requirements of the Statute of Frauds, when the failure to produce the original is adequately explained. The parol evidence may consist of the admission of an adversary (*see, Lapidus v New York City Ch. of N. Y. State Assn. for Retarded Children*, 118 AD2d 122; *Dependable Lists v Malek*, 98 AD2d 679, *appeal dismissed* 62 NY2d 645) or the testimony of others who have first-hand knowledge of the existence of the writing and its terms (*see, Lynch v Savarese*, 217 AD2d 648; *Webb & Knapp v United Cigar-Whelan Stores Corp.*, 276 App Div 583; *Posner v Rosenbaum*, 240 App Div 543; *Matter of Bernard*, 176 Misc 132; *C.I.F. Prods. v Burlington Coat Factory Warehouse Corp.*, 881 F Supp 104; *A.F.L. Falck v Karay Co.*, 722 F Supp 12; *contra, Matter of Talco Contrs. v New York State Tax Commn.*, 140 AD2d 834). The deposition testimony and affidavit of Edwin Schulman, Esq., stating that he personally observed defendants' decedent sign three copies of the alleged agreement and setting forth the details of the agreement, are sufficient to raise factual issues concerning the existence and terms of the alleged agreement. (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Damages.) Present—Denman, P. J., Pine, Callahan, Balio and Davis, JJ.