■ EMMA WILSON, Appellant, v GRACIE WILSON et al., Respondents, et al., Defendant. [829 NYS2d 644]—

In an action, inter alia, to recover damages for breach of fiduciary duty, breach of contract, and unjust enrichment, and for an accounting, the plaintiff appeals from an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated June 7, 2005, which denied that branch of her motion which was for summary judgment on her first through fourth causes of action.

Ordered that the order is affirmed, with costs.

The plaintiff demonstrated her prima facie entitlement to judgment as a matter of law on her first through fourth causes of action by presenting documentary evidence that she, her sister, the defendant Gracie Wilson, and the defendant Jesse S. White (hereinafter the defendants) executed a trust agreement dated November 7, 1988, pursuant to which she was entitled to a one-third share of the annual proceeds of a winning lottery ticket.

However, in opposition, the defendants raised a triable issue of fact as to the existence of a second trust agreement governing the lottery proceeds, which superseded the November 7, 1988, trust agreement and which could not be located. The defendants, in their deposition testimony, and Jesse S. White's former attorney, in an affidavit, attested to the existence of a second trust agreement. According to Gracie Wilson's deposition testimony and the attorney's affidavit, the alleged second agreement provided that distribution of the annual lottery proceeds was to be determined by a vote among the defendants and the plaintiff.

Although such an agreement, assuming it existed, falls within the statute of frauds (*see* General Obligations Law § § 5-1103; 15-301 [1]; § 5-701 [a] [1]), the defendants' failure to produce it with their opposing papers did not require the court to grant the plaintiff's motion for summary judgment. "A party may elicit parol evidence to prove the existence and terms of a written agreement, thereby satisfying the requirements of the Statute of Frauds, when the failure to produce the original is adequately explained" (*Nicosia v Muller*, 229 AD2d 964, 965 [1996]; *see Lynch v Savarese*, 217 AD2d 648, 650 [1995]; *Webb & Knapp, Inc. v United Cigar-Whelan Stores Corp.*, 276 App Div 583, 584 [1950]; *Posner v Rosenbaum*, 240 App Div 543, 546 [1934]; *Matter of Bernard*, 176 Misc 132, 134). Here, the defendants proffered an adequate explanation for their failure to produce the alleged second trust agreement.

We do not address the plaintiff's contention regarding that branch of her motion which was to dismiss the defendants' affirmative defenses, as that branch of the motion remains pending and undecided (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]). The plaintiff's remaining contentions are without merit.

In view of our determination, we do not reach the defendants' remaining contentions. Crane, J.P., Rivera, Goldstein and Dickerson, JJ., concur.