■ 1380 HOUSING DEVELOPMENT FUND, Respondent, v BARBARA CARLIN, Appellant. [31 NYS3d 29]—

Judgment, Supreme Court, Bronx County (Mark Friedlander, J.), entered October 22, 2014, declaring that defendant has no lien upon the subject premises and that the 2005 UCC-1 financing statement and the 2010 UCC-1 fixture filing were erroneously filed and are deemed extinguished, and bringing up for review an order, same court and Justice, entered August 5, 2014, which granted plaintiff's motion for summary judgment, and denied defendant's cross motion to dismiss the complaint and for leave to file an amended answer, unanimously affirmed, with costs.

Defendant failed to show that she had perfected a lien on the property by virtue of a 2005 UCC-1 financing statement and a 2010 UCC-1 "fixture filing." The 2005 UCC-1 financing statement was not filed in the local real property records (UCC 9-334 [e] [1], Comment 6) but with the Secretary of State, in Albany. The 2010 UCC-1 fixture filing fails to satisfy any of the statutory criteria for a fixture filing (UCC 9-502 [b]); it does not describe the collateral as including fixtures, does not indicate that it is intended to cover fixtures on the property, does not indicate that it is to be filed in the real property records, and does not provide a description of the property, including its location and specifying the block and lot.

In any event, defendant failed to show that the lien she purported to perfect had been created by a security agreement (UCC 9-102 [a] [73] [A]). UCC 9-108 requires the security agreement creating a lien to reasonably identify the collateral that will be subject to the lien. The stipulation and pledge agreement submitted by defendant describe the collateral as 50% share certificates evidencing 50% of all of the borrower's capital stock. Neither certificate makes any reference to the real property at issue. While the borrower consented to defend-

ant's filing a UCC-1 financing statement as against its assets "pursuant to" the stipulation, the corporate resolution whereby consent was given did not reasonably identify or describe the "assets" of the borrower.

We reject defendant's argument that she should be permitted further discovery as to the intent of the contracting parties concerning her security interest in the assets of the borrower. "[I]n the case of a security agreement, there must be a writing that objectively indicates the parties intended to create a security interest" (*Matter of Talco Contrs. v New York State Tax Commn.*, 140 AD2d 834, 835 [3d Dept 1988]). We perceive no basis for further discovery.

Nor does equity require that an equitable lien be imposed in defendant's favor, since there is no agreement between the contracting parties specifically granting defendant a lien on the property (*see Teichman v Community Hosp. of W. Suffolk*, 87 NY2d 514, 520 [1996]). Moreover, the property was purchased by plaintiff in a judicially sanctioned foreclosure sale.

Defendant's proposed amendment to her answer is patently lacking in merit (*see BGC Partners, Inc. v Refco Sec., LLC*, 96 AD3d 601, 603 [1st Dept 2012]). The 2005 UCC-1 financing statement does not satisfy the UCC's requirements for a fixture filing, and does not perfect a lien created by a security agreement reasonably identifying the property as the collateral.

We have considered defendant's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Saxe, Moskowitz, Gische and Webber, JJ.