Prior v Liberty Resources, Inc. (2026 NY Slip Op 01630)

Prior v Liberty Resources, Inc.

2026 NY Slip Op 01630

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, SMITH, AND GREENWOOD, JJ.

10 CA 25-00541

[*1]JAMES PRIOR, AS ADMINISTRATOR OF THE ESTATE OF KIM PRIOR, DECEASED, PLAINTIFF-RESPONDENT-APPELLANT,
vLIBERTY RESOURCES, INC., LIBERTY RESOURCES BEHAVIORAL HEALTHCARE, INC., LIBERTY RESOURCES DISABILITIES SERVICES, INC., AND MESA MANAGEMENT SERVICES, LLC, DEFENDANTS-APPELLANTS-RESPONDENTS. 

BOND, SCHOENECK & KING, PLLC, SYRACUSE (TIMOTHY N. MCMAHON OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS. 
KENNY & KENNY, PLLC, SYRACUSE (MICHAEL P. KENNY OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 

 Appeal and cross-appeal from an order of the Supreme Court, Oswego County (Gregory R. Gilbert, J.), entered March 17, 2025. The order denied plaintiff's motion for summary judgment and denied defendants' cross-motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting defendants' cross-motion in part and dismissing the complaint against defendants Liberty Resources Behavioral Healthcare, Inc., Liberty Resources Disabilities Services, Inc., and Mesa Management Services, LLC, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this breach of contract action against defendants alleging nonpayment of certain death benefits allegedly owed to the estate of Kim Prior (decedent) pursuant to an "Executive Plan Agreement" (agreement). The agreement was entered into between decedent and "Liberty Resources, Inc., a Corporation organized and existing under the laws of the State of Delaware." The agreement provided that, if decedent should die "while actively employed by the Corporation" before the age of 65, she would receive 180 payments for a sum "more particularly described on Schedule A attached hereto." Some time after her death, a copy of the agreement, absent Schedule A, was found that had been signed by decedent and the CEO of "Liberty Resources, Inc." Plaintiff presented the agreement to defendant Liberty Resources, Inc. (Liberty) and sought payment of the death benefits. Liberty, inter alia, responded that there was no enforceable contract and refused to make payments thereunder. In these consolidated appeals, defendants appeal from that part of an order denying their cross-motion for summary judgment dismissing the complaint. Plaintiff cross-appeals from that part of the same order denying his motion for summary judgment on the complaint.
As an initial matter, we agree with defendants that defendants Liberty Resources Behavioral Healthcare, Inc., Liberty Resources Disabilities Services, Inc., and Mesa Management Services, LLC were not parties to the agreement and thus cannot be sued for its breach (see Bouley v Bouley, 19 AD3d 1049, 1050 [4th Dept 2005]). We therefore modify the order by granting defendants' cross-motion in part and dismissing the complaint against the aforementioned defendants, leaving Liberty as the sole remaining defendant.
Contrary to defendants' further contention on their appeal, however, Supreme Court properly denied the cross-motion with respect to Liberty. Initially, we conclude that the agreement is ambiguous as to whether Liberty was a party. Although the agreement stated that it was entered between decedent and an entity incorporated in Delaware, it is undisputed that [*2]Liberty is incorporated in New York and that no such Delaware entity ever existed. Despite referencing a Delaware entity at the outset, however, the remainder of the agreement, read in context, referred to the relevant entity as though it was referring to Liberty, i.e., the New York entity. Inasmuch as defendants failed to meet their burden of establishing that the only reasonable interpretation of the agreement is that the parties bound by it are decedent and a Delaware entity, summary judgment is inappropriate because a "determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence" (Kowalak v Keystone Med. Servs. of N.Y., P.C., 197 AD3d 893, 895 [4th Dept 2021] [internal quotation marks omitted]; see Dunn Auto Parts, Inc. v Wells, 198 AD3d 1269, 1270 [4th Dept 2021]).
We likewise conclude that questions of fact exist whether the agreement lacks a material term, i.e., the payments due under the agreement as stated within the referenced Schedule A. Assuming, arguendo, that defendants met their initial burden by establishing that the referenced Schedule A had never been created and thus did not exist, we conclude that plaintiff raised a question of fact in opposition with respect to the existence of a written Schedule A and the terms thereof, rendering summary judgment inappropriate (see generally Preston v Northside Collision-Dewitt, LLC, 158 AD3d 1127, 1128 [4th Dept 2018]). Specifically, plaintiff submitted the deposition testimony of Liberty's former president of the Board of Directors, who testified, inter alia, that he personally reviewed decedent's Schedule A, and he described its terms. Contrary to defendants' related contention, consideration of Schedule A is not barred by the statute of frauds inasmuch as the written agreement incorporates Schedule A by reference (see generally General Obligations Law § 5-701 [a] [1]) and plaintiff, having "adequately explained" why an original Schedule A could not be produced, is entitled to elicit parol evidence to prove the existence and terms thereof (Nicosia v Muller, 229 AD2d 964, 965 [4th Dept 1996]; see also 61 NY Jur 2d, Statute of Frauds § 162).
Contrary to defendants' further contention, they failed to establish as a matter of law that the signatures of Liberty's "secretary" and a "witness," in addition to the signature of its CEO, were required as a condition precedent to a valid contract (see Manning v Michaels, 149 AD2d 897, 898 [3d Dept 1989]; cf. Ahmed v Jack G. Smith Corp., 66 AD3d 1467, 1468 [4th Dept 2009], lv denied 13 NY3d 715 [2010]). Defendants also failed to establish that the agreement's claims procedure constituted a condition precedent that plaintiff failed to fulfill (see generally Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 86 NY2d 685, 691 [1995]; Chrisanntha, Inc. v deBaptiste, 196 AD3d 1033, 1036 [4th Dept 2021]).
Contrary to plaintiff's contention on his cross-appeal, however, we conclude, for the same reasons discussed above, that he failed to meet his initial burden of establishing the existence of a valid and enforceable contract between decedent and Liberty (see Preston, 158 AD3d at 1128; Sabre Intl. Sec., Ltd. v Vulcan Capital Mgt., Inc., 95 AD3d 434, 436 [1st Dept 2012]). Because plaintiff failed to meet his initial burden, the burden never shifted to defendants, and denial of the motion was required regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court